

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

April 12, 1999

The Honorable Sonya Letson
Potter County Attorney
500 South Fillmore, Room 303
Amarillo, Texas 79101

Opinion No. JC-0032

Re: Whether chapter 2258 of the Government Code, which requires payment of prevailing wages in connection with public work contracts, applies to a project of a development corporation created under article 5190.6 of the Revised Civil Statutes (RQ-1207)

Dear Ms. Letson:

You ask whether chapter 2258 of the Government Code, which requires payment of prevailing wages to workers employed on a public work by or on behalf of the state or a political subdivision of the state, applies to workers employed on a project undertaken by a development corporation created under the Development Corporation Act of 1979, TEX. REV. CIV. STAT. ANN. art. 5190.6 (Vernon 1987 & Supp. 1999). Because a development corporation created under the Development Corporation Act of 1979 is not a political subdivision for purposes of the laws of this state, *see id.* § 22 (Vernon 1987), we conclude that chapter 2258 does not apply to workers employed by or on behalf of a development corporation. Chapter 2258 will apply to workers employed on a project undertaken by a development corporation only if the development corporation employs the workers on behalf of the state or a political subdivision of the state. In order for the workers to be employed on behalf of the state or a political subdivision of the state, the state or political subdivision must be a party to the construction contract.

You inform us that the Amarillo Economic Development Corporation (the "AEDC"), a development corporation in your county created by the City of Amarillo (the "City") under section 4A of the Development Corporation Act of 1979, has agreed to construct a facility for a private company. Upon completion of the construction, the AEDC will lease the facility to the company, which will have the option to buy the land and improvements after twenty years. We assume, based on the information you provided, that the AEDC will enter into a contract for construction of the facility with a private contractor and that neither the City of Amarillo, the state, nor any other political subdivision of the state will be a party to the construction contract.

We begin with a brief review of the relevant statutory provisions. The prevailing wage statute was first enacted in 1933 as article 5159a of the Revised Civil Statutes.[1] Article 5159a was repealed and codified as chapter 2258 of the Government Code as part of the nonsubstantive revision

---

[1]*See* Act of Mar. 21, 1933, 43d Leg., R.S., ch. 45, § 1, 1933 Tex. Gen. Laws 91.

of statutes in 1995.[2] Section 2258.021, the operative provision of chapter 2258, provides in pertinent part that:

> (a) A worker employed on a public work by or on behalf of the state or a political subdivision of the state shall be paid [not less than the prevailing wage.]
>
> . . . .
>
> (c) A worker is employed on a public work for purposes of this section if the worker is employed by a contractor or subcontractor in the execution of a contract for the public work with the state, a political subdivision of the state, or any officer or public body of the state or political subdivision of the state.

TEX. GOV'T CODE ANN. § 2258.021 (Vernon 1999). Section 2258.001 defines a "public body" as "a public body awarding a contract for a public work on behalf of the state or a political subdivision of the state." *Id.* § 2258.001(2). Section 2258.002 provides that:

> This chapter applies only to the construction of a public work, including a building, highway, road, excavation, and repair work or other project development or improvement, paid for in whole or in part from public funds, without regard to whether the work is done under public supervision or direction.

*Id.* § 2258.002(a).

First, we consider whether the AEDC is a political subdivision subject to chapter 2258. Again, section 2258.021 provides: "A worker employed on a public work *by or on behalf of* the state or a political subdivision of the state shall be paid not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed." *Id.* § 2258.021(a)(1) (emphasis added). A worker employed by a private contractor or subcontractor is employed on a public work if employed "in the execution of a contract for the public work with the state, a political subdivision of the state, or any officer or public body of the state or a political subdivision of the state." *Id.* § 2258.021(c). The Development Corporation Act of 1979 expressly provides that a development corporation created under the Act "is not intended to be and shall not be a political subdivision or a political corporation within the meaning of the constitution and the laws of the state." TEX. REV. CIV. STAT. ANN. art. 5190.6, § 22 (Vernon 1987). For this reason, we conclude that a development corporation is not a political subdivision for purposes of chapter 2258

---

[2]*See* Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, §§ 1.01 (purpose of act to codify statutes without substantive change), 5.49(a) (codifying article 5159a by adding Government Code chapter 2258), (b) (repealing article 5159a), 1995 Tex. Gen. Laws 458, 458, 502-05.

and that chapter 2258 does not apply to workers employed by or on behalf of a development corporation or by a contractor in the execution of a contract with a development corporation.

Next, we must decide whether, for purposes of chapter 2258, a development corporation contracts on behalf of the city that created it. Based on the language of its statutory predecessor, we conclude that chapter 2258 applies only to work to which the state or a political subdivision of the state is a party by contract. We also conclude that cities are not generally party to the contracts of the development corporations they create.

We find the terminology of chapter 2258 unclear. Section 2258.021(a) establishes the right of workers "employed on a public work by *or on behalf of* the state or a political subdivision of the state" to be paid a prevailing wage. *See* TEX. GOV'T CODE ANN. § 2258.021(a) (Vernon 1999) (emphasis added). Section 2258.021(c) establishes that a worker employed by a private contractor or subcontractor is employed on a public work if the worker is employed "in the execution of a contract for the public work with the state, a political subdivision of the state, or *any officer or public body* of the state or a political subdivision of the state." *Id.* § 2258.021(c) (emphasis added). The meaning of the phrases "on behalf of" and "any officer or public body" in section 2258.021 is unclear. While these phrases could be read to further expand the scope of chapter 2258 to workers employed by or on behalf of public entities other than the state and its political subdivisions, we believe, based on the chapter's statutory predecessor, that this construction is incorrect.

As noted above, former article 5159a was repealed and codified as chapter 2258 without substantive change in 1995.[3] The language of section 2258.021 derives from section 1 of former article 5159a. Because section 2258.021 is a nonsubstantive codification of section 1, we construe it consistently with its statutory predecessor. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 294 (Tex. 1995) (construing nonsubstantive codification consistently with statutory predecessor); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654-55 (Tex. 1989) (same).

Section 1 of former article 5159a provided that workers entitled to receive not less than the prevailing wage were those

> employed *by or on behalf of the State of Texas*, or *by or on behalf of any county, city and county, city, town, district or other political subdivision of the State*, engaged in the construction of public works, exclusive of maintenance work. Laborers, workmen, and mechanics employed by contractors or subcontractors in the execution of any contract or contracts for public works *with the State, or any officer or public body thereof*, or in the execution of any contract or contracts

---

[3]*See* Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, §§ 1.01 (purpose of act to codify statutes without substantive change), 5.49(a) (codifying article 5159a by adding Government Code chapter 2258), (b) (repealing article 5159a), 1995 Tex. Gen. Laws 458, 458, 502-05. Section 2258.021 was amended in 1997 to correct an error in the 1995 codification. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 18.01, 1997 Tex. Gen. Laws 327, 486. The purpose of the 1997 amendment was to amend section 2258.021 "to more closely conform to the law from which Chapter 2258, Government Code, was derived." *Id.*

> for public works, *with any county, city and county, city, town, district*
> *or other political subdivision of this State, or any officer or public*
> *body thereof,* shall be deemed to be employed upon public works.[4]

In the first sentence of this provision, the phrase "on behalf of" embraced situations in which others, such as private contractors or subcontractors, employ workers on behalf of the state or a political subdivision. The second sentence established when a worker employed by a private contractor or subcontractor is entitled to the prevailing wage, specifying that such a worker is entitled to the prevailing wage if the worker is employed to execute a contract "with" the state or a political subdivision. In this sentence, the phrase "with . . . any officer or public body" makes it clear that a contract executed by an "officer," such as the head of a state agency or a mayor, or a "public body," such as a state board, county commissioners court, or city council, is a contract "with" the state or political subdivision. We believe that the phrase "any officer or public body" refers to officers and bodies authorized to contract on behalf of the state or a political subdivision. *See* Tex. Att'y Gen. Op. No. O-2059 (1940) at 4 (concluding that Texas State Highway Department was a "public body" within the meaning of former article 5159a because "a contract made by the State Highway Department is a contract of the State"). We do not believe that the term "public body" expanded the scope of former article 5159a to workers employed by or on behalf of public entities other than the state and its political subdivisions. For this reason, we conclude that the phrases "on behalf of" and "any officer or public body" do not expand the scope of chapter 2258 beyond the contracts of the state and political subdivisions and that chapter 2258 applies only to those public works contracts to which the state or a political subdivision of the state is a party.

Cities are not generally party to the contracts of the development corporations they create. No provision in the Development Corporation Act of 1979 authorizes a development corporation to execute a contract on behalf of the unit that created it or provides that a unit that has created a development corporation is in any way a party to the development corporation's contracts. Of course, a city might be a party to a particular development corporation contract as a matter of fact. Whether a city (or the state or any other political subdivision) is a party to a particular contract, however, is a question of fact and contract interpretation beyond the purview of this office.[5]

Now we turn to your specific points about chapter 2258. You urge us to conclude that chapter 2258 applies to the AEDC project at issue for a number of reasons. First, you contend that chapter 2258 applies because the project is a "public work" given that it will be paid in part with public funds and that development corporation projects serve the "public purpose" of promoting economic development. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 3(1) (Vernon Supp. 1999).

---

[4]Act of Mar. 21, 1933, 43d Leg., R.S., ch. 45, § 1, 1933 Tex. Gen. Laws 91, 91-92 (emphasis added). Section 1 of former article 5159a was not amended between its enactment in 1933 and the repeal and codification of article 5159a in 1995.

[5]*See* Tex. Att'y Gen. Op. Nos. DM-383 (1996) at 2 (interpretation of contract not appropriate function for opinion process), DM-192 (1992) at 10 ("This office, in the exercise of its authority to issue legal opinions, does not construe contracts."), JM-697 (1987) at 6 ("review of contracts is not an appropriate function for the opinion process").

In support of your argument that the AEDC project is a public work, you rely on section 2258.002, which provides:

> This chapter applies only to the construction of a public work, including a building, highway, road, excavation, and repair work or other project development or improvement, paid for in whole or in part from public funds, without regard to whether the work is done under public supervision or direction.

TEX. GOV'T CODE ANN. § 2258.002(a) (Vernon 1999). While we agree that this provision, taken in isolation, could be construed to establish that chapter 2258 applies to the construction of any building paid in whole or in part with public funds, we do not believe that it may be construed so broadly. This language derives from the section 4 of former article 5159a,[6] which followed the language in section 1 establishing that the prevailing wage requirement applies to workers "employed by or on behalf" of the state or a political subdivision of the state engaged in the construction of public works. The purpose of section 4 was not to expand the scope of the prevailing wage requirement but rather to clarify the meaning of "public works." Section 4 established that only public works paid for in whole or in part with public funds were subject to the prevailing wage requirement. *See* Tex. Att'y Gen. Op. No. O-2059 (1940) at 6 (construing section 4 of former article 5159a to provide that a public work is "'[a]ny construction or repair work done under contract, and paid for in whole or in part out of public funds'").

Construing section 2258.002(a) consistently with its statutory predecessor and in light of chapter 2258 as a whole, we conclude that section 2258.002(a) does not define the term "public works," but rather limits the scope of chapter 2258 to public works paid for in whole or in part with public funds. In order to establish that chapter 2258 applies to a particular worker, one must first establish that the worker is "employed on a public work *by or on behalf* of the state or a political subdivision of the state." TEX. GOV'T CODE ANN. § 2258.021(a) (Vernon 1999) (emphasis added).

---

[6]Section 2258.002(a) appears to derive from the following portion of section 4:

> *Any construction or repair work done under contract, and paid for in whole or in part out of public funds, . . . whether or not done under public supervision or direction, or paid for wholly or in part out of public funds, shall be held to be "public works" within the meaning of this Act.* The term "locality in which the work is performed" shall be held to mean the county, city and county, city, town, district or other political subdivision of this State in which *the building, highway, road, excavation, or other structure, project, development or improvement* is situated in all cases in which the contract is awarded by the State, or any public body thereof, and shall be held to mean the limits of the county, city and county, city, town, district or other political subdivisions on whose behalf the contract is awarded in all other cases.

Act of Mar. 21, 1933, 43d Leg., R.S., ch. 45, § 4, 1933 Tex. Gen. Laws 91, 93 (emphasis added). This portion of section 4 of former article 5159a was not amended between its enactment in 1933 and the repeal and codification of article 5159a in 1995.

We understand that the AEDC is financed with sales and use tax proceeds. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 4A(d) (Vernon Supp. 1999) (authorizing city to levy sales and use tax for the benefit of a development corporation if approved by a majority of the voters). Nevertheless, we believe a project of the AEDC does not constitute a "public work" within the meaning of chapter 2258 unless the project is undertaken by or on behalf of the state or a political subdivision of the state.

Next, while you acknowledge that the AEDC is not itself a political subdivision, you argue that the project is subject to chapter 2258 because the AEDC acts on behalf of the City of Amarillo. You suggest that the AEDC acts on behalf of the City of Amarillo because the City created it and must give final approval to the project. *See id.* §§ 21 ("[t]he unit will approve all programs and expenditures of the corporation"), 23(a)(11) (powers of development corporation "subject at all times to the control of the governing body of the unit under whose auspices the corporation was created"). You also note that the AEDC is an "authority and an instrumentality" for purposes of federal tax law "authorized to act on behalf of the" City. *See id.* § 22 (Vernon 1987). As noted above, however, we believe that the term "employed on a public work . . . on behalf of" as used in chapter 2258 refers to workers employed pursuant to contracts with the state or a political subdivision, contracts to which the state or a political subdivision is a party. Again, no provision in the Development Corporation Act of 1979 authorizes a development corporation to execute a contract on behalf of the unit that created it or provides that a unit that has created a development corporation is in any way a party to the development corporation's contracts. The City of Amarillo is not party to AEDC contracts by operation of the Development Corporation Act of 1979. Whether the City is a party to a particular AEDC contract will depend upon the terms of the contract.

Finally, you argue that the AEDC is a "public body" within the meaning of chapter 2258. In support of this argument, you note that a development corporation like the AEDC is entitled to governmental immunity and is subject to the Open Records and Open Meetings Acts. *See id.* §§ 4A(j) (Vernon Supp. 1999) (development corporation "is a governmental unit and its actions are governmental functions" for purposes of Texas Tort Claims Act); 11(b) (Vernon 1987) (development corporation board of directors subject to Open Meetings Act); 14A (development corporation board of directors subject to Open Records Act). You cite section 2258.001, which defines the term "public body" to mean "a public body awarding a contract for a public work on behalf of the state or a political subdivision of the state." TEX. GOV'T CODE ANN. § 2258.001(2) (Vernon 1999). Your argument suggests that the term "public body" extends chapter 2258 to workers employed by or on behalf of public entities other than the state and political subdivisions of the state. As noted above, however, we believe that the statutory predecessor to chapter 2258 demonstrates that the term "public body" refers to the governing body of a state agency or political subdivision authorized to execute a contract on the state's or political subdivision's behalf. We do not believe that the term "public body" extends the scope of chapter 2258 to include workers employed on contracts with public entities other than the state or political subdivisions.

In sum, chapter 2258 applies to a worker employed on a public work "by or on behalf of the state or a political subdivision of the state." *Id.* § 2258.021(a)(1). Because a development corporation created under the Development Corporation Act of 1979 is not a political subdivision

for purposes of the laws of this state, *see* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 22 (Vernon 1987), we conclude that chapter 2258 does not apply to a worker employed by or on behalf of a development corporation. Chapter 2258 will apply to a worker on a project undertaken by a development corporation only if the development corporation undertakes the project on behalf of the state or a political subdivision of the state. In order for the project to be undertaken on behalf of the state or a political subdivision, the state or political subdivision must be a party to the construction contract.

We note that the statutory predecessor to chapter 2258, enacted in 1933 as a response to the Great Depression,[7] was drafted in a time before entities like development corporations were authorized to undertake projects with public monies. Furthermore, the legislature specified that a development corporation is not a political subdivision when it passed the Development Corporation Act in 1979, a decade before it first amended the Act to authorize cities to levy sales and use taxes for the benefit of section 4A and section 4B development corporations.[8] Whether chapter 2258 or the Development Corporation Act of 1979 should be amended to guarantee a prevailing wage to workers on development corporations' publicly financed projects is a matter committed to the legislature.

---

[7]*See* Act of Mar. 21, 1933, 43d Leg., R.S., ch. 45, 1933 Tex. Gen. Laws 91. The act's "emergency clause" included the following statement:

> The fact that there is no adequate law protecting laborers, workmen and mechanics engaged in doing and performing work on public works in Texas and its political subdivisions, and the further fact that many contractors are taking advantage of the present industrial and economic condition to beat down wages to a level far below that required to maintain a laborer, workman or mechanic in reasonable circumstances, and the further fact that this condition has created a social problem demanding the immediate attention of the legislative department of our State, create an emergency and an imperative public necessity . . . .

*Id.* § 7, at 93-94.

[8]Section 22, article 5190.6 of the Texas Revised Civil Statutes, which provides that a development corporation is not a political subdivision "within the meaning of . . . the laws of the state," dates from 1979. *See* Act of May 23, 1979, 66th Leg., R.S., ch. 700, § 22, 1979 Tex. Gen. Laws 1675, 1684. Sections 4A and 4B, which authorize cities to levy sales and use taxes to benefit development corporations, were adopted in 1989 and 1991 respectively. *See* Act of Mar. 21, 1991, 72d Leg., R.S., ch. 11, § 2, 1991 Tex. Gen. Laws 37, 37-39; Act of May 27, 1989, 71st Leg., R.S., ch. 877, § 2, 1989 Tex. Gen. Laws 3871, 3871-73. Prior to that time, development corporations were not authorized to use public funds.

## S U M M A R Y

Chapter 2258 of the Government Code applies to a worker employed on a public work "by or on behalf of the state or a political subdivision of the state." TEX. GOV'T CODE ANN. § 2258.021(a) (Vernon 1999). Because a development corporation created under the Development Corporation Act of 1979 is not a political subdivision for purposes of the laws of this state, *see* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 22 (Vernon 1987), chapter 2258 does not apply to a worker employed by or on behalf of a development corporation. Chapter 2258 will apply to a worker on a project undertaken by a development corporation only if the development corporation undertakes the project on behalf of the state or a political subdivision of the state. In order for the project to be undertaken on behalf of the state or a political subdivision, the state or political subdivision must be a party to the construction contract.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General