**CITY OF FORT WORTH, Appellant,**

v.

**Phillip JOHNSON, Individually, Johnson–Burgee Architects, A/K/A John Burgee Architects, Appellees.**

**No. 2–88–053–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 23, 1989.
Rehearing Denied March 16, 1989.

Wade Adkins, City Atty. and Susan M. Barilich, Asst. City Atty., Fort Worth, for appellant.

Haynes and Boone and Stephen A. Grimmer, Dallas, for appellees.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

The City of Fort Worth appeals from a summary judgment that it take nothing in a cross-claim for contribution or indemnity that it brought against the appellees, Phillip Johnson, Johnson–Burgee Architects, and John Burgee Architects, in connection with a damage suit brought against it and the appellees by Paula Helena Payne and her husband, Joe F. Payne, arising out of personal injuries Paula is alleged to have suffered at the Water Gardens, a park owned and managed by the City of Fort Worth. In two points of error, the City urges that the trial court erred in granting summary judgment because its cross-claim is not barred by TEX.CIV.PRAC. & REM. CODE ANN. sec. 16.008 (Vernon 1986).

We reverse and remand, because we find that the appellees did not establish their defense of statute of limitations, or statute of repose, as a matter of law.

Paula's injury at the Water Gardens allegedly occurred on March 9, 1985. In the affidavit of Phillip Johnson, attached to the appellees' motion for summary judgment, he stated that he was a partner of Johnson–Burgee Architects during 1970 and 1971, and that the Water Gardens was designed by him and the firm during that time. He further stated that the Water Gardens was substantially completed in 1974 and opened in late 1974. The trial court granted summary judgment for the appellees dismissing the City's cross-claim, based upon its finding that the City's claim was barred by section 16.008 of the Civil Practice and Remedies Code.

Section 16.008 of the Civil Practice and Remedies Code is former article 5536a, now repealed. It requires that suits brought against registered or licensed architects or engineers who design, plan, or construct improvements to real property or equipment attached to real property, must be brought no later than ten years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

The City contends that as a matter of law section 16.008 does not bar its cross-action, solely by virtue of the fact that it is an incorporated municipality.

It would initially appear that the City is incorrect in its contention. Section 16.061 of the Civil Practice and Remedies Code sets forth those statutes of limitation which will not bar a right of action of an incorporated city. Section 16.008, the section relied upon by the appellees, is not included in the list.

Our investigation of the matter does not stop there, however. Section 1.001(a) of the Civil Practice and Remedies Code provides that the enactment of the code is a part of the state's continuing statutory revision program, which contemplates revision without substantive change. *See also* Collins, *Continuing Statutory Revision: Where Did the Civil Practice Code Come From?* 50 Tex.B.J. 134, 135 (1987). We choose to interpret the code consistently with that expression of legislative intent.

*See id.* and section 311.023 of the Texas Government Code.

The City contends that prior to the enactment of the code the statute in question did not bar an action by an incorporated city. TEX.REV.CIV.STAT.ANN. art. 5517 (Vernon 1958), repealed in 1985 upon the enactment of the Civil Practice and Remedies Code, provided that rights of action by incorporated cities would not be barred by any "of the provisions of this Title," which was Title 91, the Limitations Title. Article 5517 is the predecessor statute to section 16.061 of the code. Article 5536a, the predecessor statute to section 16.008 of the code, the section relied upon by the appellees to bar this suit, was contained within Title 91 of Vernon's Annotated Texas Statutes. It would appear then that prior to the enactment of the code that article 5536a would not bar the City's action.

The appellees contend that article 5536a, which was enacted subsequently to article 5517, although placed in Title 91 by West Publishing Company, was never placed there by the Legislature, so that article 5517 never exempted the City from its application. The session laws setting forth the predecessor statute to 16.008 of the Civil Practice and Remedies Code show that the statute when passed was assigned article number 5536a. Acts 1969, 61st Leg., p. 1379, ch. 418. That number assignment placed the statute in Title 91, the Limitations Title, which consisted of those statutes with a number greater than 5506 and less than 5547. Our record does not reflect that West Publishing Company assigned that number, nor does it reflect that the trial court was requested to take judicial notice that the number was assigned by West. In fact, the record does not reflect that this argument was ever presented to the trial court. This court has not been requested to take judicial notice that West Publishing Company assigned the statutory number of 5536a to the predecessor statute of 16.008.

We are to affirm a summary judgment only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The appellees' motion for summary judgment hinges on its argument that article 5536a, the predecessor statute to section 16.008 of the Code, was placed in Title 91 by West Publishing Company, rather than the Legislature. Since that argument is based on facts which are outside of our record, it follows that the appellees did not establish their defense as a matter of law.

The appellees contend that section 16.008 of the Code is a statute of repose, rather than a statute of limitations, because it has the effect of cutting off a cause of action even before it arises. We find that while such a distinction is sometimes made, whether we term it a statute of limitations or a statute of repose does not make any difference in this cause because of the basis of our holding.

Since we find that the appellees did not establish their defense as a matter of law, we sustain point of error number one. In view of our determination of point of error number one, we need not consider point of error number two.

We reverse and remand for further proceedings consistent with this opinion.