Phillip JOHNSON, Individually, et
al., Petitioners,

v.

**CITY OF FORT WORTH,**
Texas, Respondent.

No. C–8607.

Supreme Court of Texas.

June 28, 1989.

Stephen A. Grimmer, William R. Allens-
worth, David Taubenfield, Dallas, for peti-
tioners.

Wade Adkins, Terry M. Vernon, Theo-
dore P. Gorski, Jr., Fort Worth, for respon-
dent.

PER CURIAM.

This cause concerns whether a ques-
tion of statutory construction can be a fact
issue that precludes summary judgment.
The trial court granted summary judgment
based on a statute of repose, section 16.008

of the Civil Practice and Remedies Code.[1] The court of appeals reversed, holding that a fact issue had been raised as to whether section 16.061 of the Civil Practice and Remedies Code prevented section 16.008 from operating against a city's claim for contribution. 765 S.W.2d 558. We reverse the judgment of the court of appeals.

In March of 1985, Paula Helene Payne visited the Fort Worth Water Gardens (the Gardens). While touring the premises, Payne slipped and fell, suffering serious personal injuries. She and her husband, Joe Payne, then instituted this suit against the City of Fort Worth (the City), the Amon Carter Foundation, and the architects of the Gardens, Phillip Johnson, individually, and Johnson–Burgee, Architects (the Architects). The City filed a cross-claim for contribution against the Architects. The Architects then filed a motion for summary judgment as to all claims on the basis of section 16.008 of the Civil Practice and Remedies Code.

Section 16.008 is a statute of repose that insulates architects from liability for certain actions brought more than ten years after the substantial completion of an improvement. Specifically, that section provides in relevant part:

(a) A person must bring suit for damages for a claim listed in Subsection (b) against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

(b) This section applies to suit for:

(1) injury, damage, or loss to real or personal property;

(2) personal injury;

(3) wrongful death;

(4) contribution; or

(5) indemnity.

Tex.Civ.Prac. & Rem.Code Ann. § 16.008(a), (b) (Vernon 1986). On the basis of section 16.008 and the Architects' affidavit establishing that the Gardens had been substantially completed in 1974, the trial court granted the motion for summary judgment. The trial court subsequently severed the claims against the Architects and signed a take-nothing judgment.

Only the City of Fort Worth appealed from the severed judgment. The City contended that section 16.061 of the Civil Practice and Remedies Code prevents section 16.008 from acting as a bar to the City's claim for contribution. Section 16.061 provides:

A right of action of this state, a county, an incorporated city or town, or a school district is not barred by any of the following sections: 16.001–16.007, 16.021–16.033, 16.035–16.037, 16.051, 16.062–16.071, or 31.006.

Tex.Civ.Prac. & Rem.Code Ann. § 16.061 (Vernon 1986). Since this provision does not include section 16.008, on its face it would not prevent the summary judgment. However, the City argues that section 16.061 was a nonsubstantive change from a predecessor statute, article 5517, that did preclude section 16.008 from operating against a city. Tex.Civ.Prac. & Rem.Code Ann. § 1.001(a) (Vernon 1986); Civil Practice and Remedies Code, ch. 959, sec. 10, 69th Leg., 1985 Tex.Gen.Laws 3242, 3322.

■ When a conflict exists between a former statute and a revision made pursuant to the legislature's directive to the Texas Legislative Council to make a nonsubstantive revision of the statutory law, the

---

1. A statute of repose in a general sense is a legislative enactment which sets a period of time within which an action may be brought. A statute of limitation is a category of repose statute. *Black's Law Dictionary* 835 (5th ed. 1979); Comment, *Due Process Challenges to Statutes of Repose*, 40 Sw.L.J. 997, 1002 (1986). In the more specific context of this statute,

however, "statute of repose" refers to a distinct type of statute that cuts off a right of action before it accrues. *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579, 584 (1981).

former statute will control. Tex.Gov't Code Ann. §§ 311.023, 311.031, 323.007 (Vernon 1988). We agree with the City that section 16.061 was intended as a non-substantive revision of its predecessor statute, article 5517 of the 1925 Revised Statutes. Contrary to the City's position, however, we hold that no substantive changes were in fact made.

Article 5517, adopted as part of the 1925 Revised Statutes, was included in "TITLE 91. LIMITATIONS." Revised Statutes, sec. 1, art. 5517, 39th Leg., 1925 Tex.Rev. Civ.Stat. 2, 1555, *amended by* Act of Apr. 6, 1939, tit. Limitations, ch. 1, 46th Leg., 1939 Tex.Gen.Laws 485, *amended by* Act of May 19, 1953, ch. 348, 53d Leg., 1953 Tex.Gen.Laws 857, *repealed by* Civil Practice and Remedies Code, ch. 959, sec. 9(1), 69th Leg., 1985 Tex.Gen.Laws 3242, 3322 (currently codified as Tex.Civ.Prac. & Rem. Code Ann. § 16.061 (Vernon 1988)). As adopted in 1925, the statute read as follows:

> The right of the State shall not be barred by any of the provisions of this title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, sidewalk or grounds which belong to any town, city or county, or which have been donated or dedicated for public use to any such town, city or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State; provided, this law shall not apply to any alley laid out across any block or square in any city or town.[2]

Title 91 originally included provisions relating to limitations for land (chapter 1), limitations for personal actions (chapter 2), and general limitations provisions (chapter 3). Revised Statutes, sec. 1, arts. 5507–5546,

39th Leg., 1925 Tex.Rev.Civ.Stat. 2, 1554–62 (repealed 1985).[3]

■ The predecessor statute to section 16.008 was passed by the legislature in 1969. Act of May 27, 1969, ch. 418, 61st Leg., 1969 Tex.Gen.Laws 1379, *repealed by* Civil Practice and Remedies Code, ch. 959, sec. 9(1), 69th Leg., 1985 Tex.Gen.Laws 3242, 3322 (currently codified as Tex.Civ. Prac. & Rem.Code Ann. § 16.008 (Vernon 1988)). Statutes enacted subsequent to the 1925 Revised Statutes that were not amendments to the articles contained in that act were not assigned separate article numbers by the legislature to fit them into the 1925 scheme. In an attempt to facilitate the practitioner's access to these unenumerated enactments, West Publishing Company and its predecessors enumerated these acts. *See* Collins, *Continuing Statutory Revision: Where Did the Civil Practice and Remedies Code Come From?*, 50 Tex.B.J. 134, 135 (1987). In this case, West assigned "article 5536a" to this 1969 enactment, seemingly placing it within title 91 of the 1925 Revised Statutes. Because this West-supplied article number is unofficial, however, it cannot have the force of law. We find nothing in the language or history of this enactment to suggest that article 5536a, now section 16.008, was to have been encompassed within the provisions of article 5517, now section 16.-061. We therefore hold that summary judgment in favor of the Architects was proper on the basis of section 16.008.

■ We additionally hold that the court of appeals erred in stating that because the "summary judgment hinges on [the Architect's] argument that article 5536a ... was placed in Title 91 by West Publishing Company, rather than the Legislature.... it follows that [the Architects] did not estab-

---

**2.** Article 5517 was amended in 1939 to include public alleys within its terms. Act of Apr. 6, 1939, tit. Limitations, ch. 1, 46th Leg., 1939 Tex.Gen.Laws 485 (repealed 1985). Although article 5517 originally applied to actions by a town, city, or county, it was amended in 1953 to make its terms include "all counties, incorporated cities and all school districts." Act of May 19, 1953, ch. 348, § 2, 53d Leg., 1953 Tex.Gen. Laws 857, 857 (repealed 1985). The reason be-

hind or effect of these amendments is not before us for consideration.

**3.** Prior codifications of article 5517 used the word "chapter" in place of "title" and the provision was thereby made applicable only to limitations of actions for land. *E.g.,* Revised Statutes, sec. 1, art. 5683, 32d Leg., 1911 Tex.Rev.Civ.Stat. 2, 1202, *repealed by* Revised Statutes, sec. 2, 39th Leg., 1925 Tex.Rev.Civ.Stat. 2419.

lish their defense as a matter of law." 765 S.W.2d at 560. Contrary to the court of appeals' assertion, matters of statutory construction are questions of law for the court to decide rather than issues of fact. *See, e.g., City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671 (Tex.1979); *Barr v. Bernhard,* 562 S.W.2d 844 (Tex. 1978); *Jones v. Del Andersen & Assocs.,* 539 S.W.2d 348 (Tex.1976).

Accordingly a majority of the court grants the Architect's application for writ of error pursuant to Texas Rule of Appellate Procedure 133(b), and, based on the conflict with the foregoing authorities, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment in favor of the Architects.