

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 30, 1992

Honorable Bill Turner
Brazos County District Attorney
300 East 26th Street, Suite 310
Bryan, Texas 77803

Opinion No. DM-79

Re: Whether a juvenile board created pursuant to chapter 152 of the Human Resources Code has the power to hire and discharge employees of a juvenile probation department after it has employed a chief juvenile probation officer (RQ-136)

Dear Mr. Turner:

You have asked whether the Brazos County Juvenile Board (the "juvenile board") has the authority to hire and discharge employees of the Brazos County Juvenile Probation Department (the "juvenile probation department") after the juvenile board has employed a chief juvenile probation officer. As we understand your request, your concern is whether juvenile probation department personnel decisions, including hiring and firing of subordinate employees, are solely within the authority of the chief juvenile probation officer, or whether the juvenile board has the authority to exercise control over these decisions.

The juvenile board was created under chapter 152 of the Human Resources Code.[1] Section 152.0007 of subchapter A of that chapter, which defines the duties of the juvenile board, provides:

> The juvenile board shall:
>
> (1) establish a juvenile probation department and employ personnel to conduct probation services, including a chief probation officer and, if more than one officer is necessary,

---

[1]Chapter 152 of the Human Resources Code was enacted as part of legislation recodifying the juvenile board provisions. *See* Acts 1989, 71st Leg., ch. 352, § 6, at 1430.

assistant officers, who meet the standards set by the Texas Juvenile Probation Commission; and

(2) operate or supervise juvenile services in the county and make recommendations as to the need for and purchase of services.

Hum. Res. Code § 152.0007. Section 152.0008 provides:

(a) The chief juvenile probation officer may appoint necessary personnel with the approval of the board.

(b) Juvenile probation officers serve at the pleasure of the appointing authority.

*Id.* § 152.0008. In addition, section 152.0271, which applies solely to the Brazos County Juvenile Board, provides in pertinent part that "[t]he chief juvenile probation officer may set the salaries and allowances of juvenile probation personnel with the approval of the board." *Id.* § 152.0271(e).

You suggest that these provisions may conflict. Specifically, you contend that whereas section 152.0007(1) appears to vest the juvenile board with the authority to hire juvenile probation department personnel, sections 152.0008 and 152.0271(e) appear to vest authority over personnel matters with the chief juvenile probation officer. You state that under this statutory scheme, "it is not clear whether the board or chief probation officer is required to employ other members of the department, or if that duty may vary at the juvenile board's discretion." We consider the authority to hire and fire juvenile probation department personnel separately below.

As noted above, section 152.0007(1) vests the juvenile board with the duty to establish a juvenile probation department and employ personnel, including assistant juvenile probation officers and other employees, but section 152.0008(a) vests the chief juvenile probation officer with the authority to "appoint necessary personnel with the approval of the board." We believe that section 152.0008(a) delegates to the chief juvenile probation officer the authority to interview and select applicants, and to hire assistant juvenile probation officers and other employees subject to the juvenile board's approval. Thus, the juvenile board's authority with respect to hiring of personnel is limited to approving or rejecting the chief juvenile probation officer's

hiring decisions. We believe that this interpretation of section 152.0008(a) does not conflict with section 152.0007(1) because the term "to employ" in the latter provision does not necessarily mean to hire, but may simply mean to provide compensation.[2]

Subchapter A of chapter 152 is even less straightforward with respect to the authority to terminate assistant juvenile probation officers and other employees. The critical question in interpreting subchapter A in this respect is the meaning of "appointing authority" in section 152.0008(b), which provides that "[j]uvenile probation officers serve at the pleasure of the appointing authority." Section 152.0008(a) suggests that the chief juvenile probation officer is the "appointing authority" for all personnel. The predecessor statute for the Brazos County Juvenile Board, section 8(a) of former article 5139EEEEE,[3] however, provided as follows:

> The director of juvenile services may appoint necessary personnel and set their salaries and allowances with the approval of the board. *The director and other juvenile probation officers serve at the pleasure of the appointing authority.* (Emphasis added.)

We conclude from the language highlighted above that under former section 8(a), the "appointing authority" was the juvenile board rather than the director of juvenile services, because the legislature obviously did not intend the director to serve at his own pleasure.

In the current statute, section 152.0008, the "chief juvenile probation officer" is analogous to "director of juvenile services." Thus, section 8(a) of the predecessor statute and section 152.0008(b) would be in conflict if the chief juvenile probation officer were held to be the "appointing authority" for purposes of the latter

---

[2]We further note that the predecessor provisions to sections 152.0007 and 152.0008, sections 7 and 8 of article 5139EEEEE, V.T.C.S., were enacted as part of the same legislation adopted in 1983. *See* Acts 1983, 68th Leg., ch. 1062, at 5621; *see also* note 3, *infra*. Therefore, sections 152.0007(1) and 152.0008(a) must be read in harmony if at all possible. *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 684 (Tex. App.--Waco 1980, no writ).

[3]Prior to 1989, each juvenile board was governed by a separate statute. In recodifying the juvenile board provisions, the legislature attempted to cull from the many juvenile board provisions the characteristics common to all and to recodify them in subchapter A of chapter 152. Acts 1989, 71st Leg., ch. 352, § 1, at 1323. Thus, in construing subchapter A as it applies to the Brazos County Juvenile Board, we must look to the former statute which governed that particular juvenile board.

provision. The implicit definition of "appointing authority" found in former section 8(a) must control in determining the authority of the Brazos County Juvenile Board because chapter 152 was enacted as part of a nonsubstantive recodification of the juvenile board provisions, Acts 1989, 71st Leg., ch. 352, § 6. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654-55 (Tex. 1989). Therefore, we conclude that the juvenile board is the "appointing authority" for purposes of section 152.0008(b), and thus has the authority to terminate the chief and assistant juvenile probation officers.

With respect to all other employees, subchapter A is silent regarding the delegation of the authority to terminate, as was its predecessor. As noted above, we believe section 152.0008(b) expressly authorizes the juvenile board to terminate juvenile probation officers. By implication, this procedure does not apply to other employees. For this reason, and based on the requirements set forth in section 152.0008(a) for appointments, we believe that the legislature intended to delegate the authority to terminate all other employees to the chief juvenile probation officer, subject to the approval of the juvenile board. As with appointments, we believe that the juvenile board's authority with respect to terminating employees other than juvenile probation officers is limited to approving or rejecting the chief juvenile probation officer's decisions.

In sum, in section 152.0008(a) the legislature has delegated to the chief juvenile probation officer the authority to appoint personnel, both assistant juvenile probation officers and other employees, subject to the approval of the juvenile board. Pursuant to section 152.0008(b), the juvenile board has the authority to terminate the chief and assistant juvenile probation officers, despite the fact that it has hired a chief juvenile probation officer. We also conclude that subsection (b), by implication, authorizes the chief juvenile probation officer to terminate all other employees, subject to the approval of the juvenile board.

## SUMMARY

Pursuant to sections 152.0007 and 152.0008 of the Human Resources Code, the chief juvenile probation officer of the Brazos County Juvenile Probation Department has the authority to appoint juvenile probation department personnel, subject to the approval of the Brazos County Juvenile Board. The chief juvenile probation officer and assistant juvenile probation officers serve at the pleasure of the juvenile board, and the

juvenile board has the authority to terminate their employment. The chief juvenile probation officer has the authority to terminate other juvenile probation department employees, subject to the approval of the juvenile board.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General