

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 25, 1993

David Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-205

Re: Whether section 142.005 of the Health and Safety Code applies to nonprofit corporations and related questions (RQ-491)

Dear Dr. Smith:

Your predecessor-in-office asked this office to construe section 142.005 of the Health and Safety Code. Chapter 142 of the Health and Safety Code applies to home health services, which are defined generally as "the provision, for pay or other consideration, of a health service in a patient's residence."[1] Health & Safety Code § 142.001(5); *see also* 25 T.A.C. § 115.2. Any person—which term is defined to include an individual, corporation, or association, Health & Safety Code § 142.001(6)—that desires to engage in the business of offering home health services first must obtain a license from the Department of Health (the "department"). *Id.* § 142.002(a); *see id.* § 11.001(3) (defining "department"). An applicant for a license to offer home health services must, among other things, complete an application as prescribed by the department and pay a license fee. *Id.* § 142.004(a)(1), (4); *see id.* § 142.010 (specifying ranges for various license fees that department must set and collect). Non-individual applicants must comply with additional license application requirements, which the legislature has articulated in section 142.005 of the Health and Safety Code. Section 142.005 provides in pertinent part as follows:

> (a) If an applicant for a license, other than a renewal or branch office license, proposes to operate a home health agency through a partnership, corporation, or other business entity that includes members that are not individuals, or through a corporation the shares of which are owned by another corporation, the applicant must:
>
> > (1) establish a corporation under the laws of this state if the applicant is not a corporation organized under the laws of this state.

The legislature codified the statutory predecessor to chapter 142 of the Health and Safety Code, V.T.C.S. article 4447u, in 1989. *See* Acts 1989, 71st Leg., ch. 678, § 1, at 2370-71. The legislature expressly stated that the codification was nonsubstantive. *See*

---

[1] In the context of chapter 142 of the Health and Safety Code, "residence" refers to any place where a person resides, including a home, a nursing home, or a convalescent home for the disabled or aged. Health & Safety Code § 142.001(8); *see also* 25 T.A.C. § 115.2.

Acts 1989, 71st Leg., ch. 678, § 1 (caption to act). The legislature had enacted article 4447u, V.T.C.S., in 1979. *See* Acts 1979, 66th Leg., ch. 642, at 1466. Article 4447u did not include a provision similar to section 142.005 of the Health and Safety Code, however, until 1987, when the legislature added section 7A. *See* Acts 1987, 70th Leg., ch. 1091, § 5, at 3702.

Representative Barton proposed adding section 7A on the floor of the house during the second reading of Senate Bill 1371. *See* Debate on S.B. 1371 on the Floor of the House, 70th Leg. (May 29, 1987) (statement of Representative Barton) (tape on file with House Committee Coordinator); H.J. of Tex., 70th Leg., at 3899 (1987). Representative Barton stated only that the amendment he proposed would "strengthen licensing procedure." Debate on S.B. 1371 on the Floor of the House, 70th Leg. (May 29, 1987) (statement of Representative Barton) (tape on file with House Committee Coordinator). We were unable to find any additional legislative history indicating the intent of section 142.005's statutory predecessor.

Your predecessor-in-office first asked whether the language in section 142.005(a) regarding a business entity "that includes members that are not individuals" applies only to a nonprofit corporation. Your predecessor stated that the department believes that the quoted language refers only to a nonprofit corporation because a nonprofit corporation is the only type of corporation that has members; a for-profit corporation, on the other hand, has shareholders, not members. We disagree.

Based on our reading of section 142.005, we believe that the legislature intended all non-individual applicants to comply with the additional license application requirements articulated in subsection (a), regardless of the business entity's structure (*e.g.*, limited partnership, general partnership, corporation) or whether the business entity is for-profit or nonprofit. While we agree that "business entity that includes members" describes a nonprofit corporation, *see* V.T.C.S. art. 1396-1.02(A)(6) (defining "member" as "one having membership rights in a [not-for-profit] corporation in accordance with the provisions of its articles of incorporation or its by-laws"); *see also* 15 TEX. JUR. 3D *Corporations* § 502, at 644-45 (1981), we understand that it may describe other business entities as well. For example, we are advised that a limited liability company is a recent hybrid between a corporation and a partnership; the owners of a limited liability company are called members. We understand that the development of the limited liability company postdates the enactment of section 142.005's predecessor; however, in our opinion, the legislature employed broad descriptive language in section 142.005(a) instead of a list of specific types of business entities so that the section would apply to every business entity that desires to operate a home health agency. We conclude, therefore, that "business entity that includes members that are not individuals" in section 142.005(a) of the Health and Safety Code encompasses not only nonprofit corporations but also for-profit business entities that include members that are not individuals.

Your predecessor-in-office next asked whether the language in section 142.005(a) regarding a "corporation the shares of which are owned by another corporation" refers to

a corporation in which another corporation owns *any* of the shares, or whether it refers to a corporation in which another corporation owns *all* of the shares. In our opinion, the language of the predecessor statute, V.T.C.S. article 4447u, section 7A, is instructive. Prior to codification in 1989, V.T.C.S. article 4447u, section 7A(a) read in pertinent part as follows: "If an applicant for a license . . . proposes to operate a home health agency . . . through a corporation in which *any* of the stock is owned by another corporation . . . ." Acts 1987, 70th Leg., ch. 1091, § 5, at 3702 (emphasis added). When a conflict exists between a former statute and a revision the legislature has made pursuant to a proposal for nonsubstantive revisions from the Texas Legislative Council, the former statute will control. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654-55 (Tex. 1989). Consequently, we must read "any" into section 142.005 of the Health and Safety Code. Thus, a "corporation the shares of which are owned by another corporation" in section 142.005 refers to a corporation in which another corporation owns any of the shares.

Finally, your predecessor-in-office asked whether a foreign corporation registered to do business in the State of Texas must establish a domestic corporation to meet the requirements of section 142.005(a)(1) of the Health and Safety Code. To the extent that section 142.005(a)(1) is ambiguous, we believe that the language of V.T.C.S. article 4447u, section 7A is instructive. Prior to codification, subsection (a)(1) required an applicant to "establish a corporation under Texas law if the applicant is not a Texas corporation." *Id.* In our opinion, article 4447u, section 7A required a foreign corporation to establish a Texas corporation to meet the requirements for licensing as a home health agency. We construe section 142.005 of the Health and Safety Code consistently with its statutory predecessor. *See Johnson*, 774 S.W.2d at 654-55.

Your predecessor-in-office pointed out that an interpretation of section 142.005(a)(1) that requires a foreign corporation registered to do business in the State of Texas to establish a domestic corporation may contravene article 8.02(A) of the Texas Business Corporation Act. Article 8.02(A) provides that a foreign corporation that has registered in accordance with the Business Corporation Act shall "enjoy the same, but no greater, rights and privileges as a domestic corporation organized for" the same purposes. Because article 8.02 of the Business Corporation Act concerns foreign corporations generally, while section 142.005 of the Health and Safety Code concerns only foreign corporations that desire to operate a home health agency in Texas, article 8.02(A) is a more general statute than section 142.005. If a general statute and a special statute conflict, the special statute prevails as an exception to the general statute. Gov't Code § 311.026(b); Attorney General Opinions JM-1237 (1990) at 4; WW-482 (1958) at 2. Accordingly, this interpretation of section 142.005(a)(1) of the Health and Safety Code does not contravene article 8.02 of the Business Corporation Act.[2]

---

[2]You do not ask, and therefore we do not consider, whether section 142.005(a)(1) of the Health and Safety Code is constitutional.

## S U M M A R Y

In the context of section 142.005(a) of the Health and Safety Code, "business entity that includes members that are not individuals" encompasses not only nonprofit corporations but also for-profit business entities that include members that are not individuals. Again in the context of section 142.005(a), "corporation the shares of which are owned by another corporation" describes a corporation in which another corporation owns *any* of the shares. Section 142.005(a)(1) requires a foreign corporation to establish a Texas corporation if the corporation desires to be licensed to operate a home health agency in Texas.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General