# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-000135-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Sherry Richardson, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO.247,940, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

---

The Texas Department of Public Safety ("DPS") seeks reversal of the judgment of the Travis County Court at Law No. 2 and requests affirmation of the administrative order authorizing DPS to suspend Sherry Richardson's driver's license. *See* Tex. Transp. Code Ann. §§ 724.031-.035 (West 1999 & Supp. 2000). We will reverse the judgment of the trial court and render judgment in accordance with the administrative order.

## Factual and Procedural Background

On May 28, 1999, Officer Perry of the Austin Police Department ("APD") stopped Sherry Richardson ("Richardson") on suspicion of driving while intoxicated ("DWI") after he observed her car repeatedly weaving across the double yellow line separating the two directions of traffic. Officer Horn, also of APD, arrived at the scene and was informed by Officer Perry of the reason for the traffic stop. Officer Horn observed Richardson's intoxicated condition and administered field sobriety tests, leading to Richardson's arrest for DWI. When Richardson refused

to submit a breath specimen for an intoxication test, DPS suspended her driver's license. *See id*. § 724.035(a)(1).[1]

Richardson contested the license suspension, requesting an administrative hearing by the State Office of Administrative Hearings ("SOAH") in accordance with section 724.041 of the Texas Transportation Code. *See id*. § 724.041(a). The hearing was originally set for July 1, 1999, but on Richardson's motion, it was continued to July 30. On July 20, Richardson sent a subpoena ("first subpoena") for Officer Horn to the APD court liaison officer. *See* 1 Tex. Admin. Code § 159.17(c) (2000). SOAH reset the hearing to August 17 and then, on Richardson's motion, to August 25. On August 18, Richardson sent a reissued subpoena ("second subpoena") by fax to the APD court liaison officer, who immediately notified Richardson's counsel that Officer Horn was "no longer with APD." Subsequent investigation showed that Officer Horn had terminated his employment on August 6 and had left the state.

At the August 25 hearing, Richardson objected to the admissibility of Officer Horn's sworn report on the ground that he had failed to appear after being properly subpoenaed. At Richardson's urging, the ALJ recessed the hearing for the sole purpose of determining whether Officer Horn was still an employee of APD on August 18, the date on which Richardson had served the second subpoena.

The parties reconvened on October 12. At the hearing, Richardson failed to produce any evidence that Officer Horn was on the APD payroll on August 18, but restated her objection to

---

[1] Section 724.035(a)(1) provides for the automatic suspension of the driver's license of a person who refuses to submit to the taking of a blood or breath specimen after being arrested for DWI. *See* Tex. Transp. Code Ann. § 724.035(a)(1) (2000).

the admission of the sworn arrest report in Officer Horn's absence. The ALJ overruled the objection and sustained the license suspension. On appeal, the trial court reversed the administrative suspension order on the grounds that the ALJ improperly admitted the officer's written arrest report. DPS appeals the trial court's judgment.

**Discussion**

DPS contends that (1) the ALJ properly admitted the arrest record and (2) probable cause did exist for Richardson's arrest. We need only address the first issue, however, as Richardson concedes that if Officer Horn's arrest report is admissible, then probable cause exists for the arrest.

The Texas Administrative Code states:

> An officer's sworn report of relevant information shall be admissible as a public record. However, the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the officer's report shall not be admissible.

*Id.* § 159.23(c)(7). The trial court concluded that the ALJ misapplied this administrative rule by admitting the arrest report of an officer who was properly subpoenaed and did not appear at the scheduled hearing. The DPS contends that the ALJ did not err in allowing the report because it was admissible as a public record, and that Richardson did not properly subpoena Officer Horn.

Whether the officer's arrest report was admissible as evidence is a question of law, solely dependent on interpretation of the Texas Administrative Code. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989) (matters of statutory construction are questions of law rather than issues of fact). On July 19, SOAH issued Officer Horn's first subpoena in accordance

3

with the Texas Administrative Code. *See* 1 Tex. Admin. Code § 159.17(e) (2000). Following APD's procedure, the subpoena was sent to a court liaison officer on July 20, 1999. *See id.* § 159.17(c) (allowing subpoenas to be served either under Tex. R. Civ. P. 178 or alternative procedure set by law enforcement agencies). Since Officer Horn was employed by APD until his resignation on August 6, this first subpoena appears to have been properly served.

However, the Texas Administrative Code further provides: "A subpoena issued by a Judge is in effect until the Judge releases the witness. If a hearing is rescheduled and a subpoena is extended, the party who subpoenaed the witness shall be responsible for notifying the witness of the new hearing date." *Id.* § 159.17(h). Richardson's hearing was rescheduled several times. On July 21, SOAH reset the hearing from July 30 to August 17, 1999; on July 30, it was reset to August 25; and on August 25, it was recessed until October 12 for the sole purpose of determining whether Officer Horn was still on APD's payroll on August 18, the date of service of the second subpoena. Richardson had an affirmative duty to notify Officer Horn of the new dates and times. *See id.* § 159.17(h).

On appeal, Richardson contends that Officer Horn was still bound by the first subpoena because he had never been released by the judge and that she satisfied her notification requirement by serving APD with the second subpoena. In the alternative, Richardson asserts that even if the second subpoena was a reissuance, serving APD constituted effective service of Officer Horn under the alternative procedure allowed by the Texas Administrative Code. *See id.* § 159.17(c).

4

DPS argues that the second subpoena of Officer Horn was a reissuance and did not constitute effective service. DPS contends that Richardson could not serve Horn by serving APD since he was no longer an employee of APD at the time of the attempted service.

Examining the relevant portions of the Texas Administrative Code, we note that the administrative license revocation procedure provides protections for the defendant's right to cross-examine witnesses. The licensee has the right to subpoena an officer whose arrest report will be used as evidence. *See id*. § 159.23(c)(7). However, these rules also place burdens on the defendant, including the responsibility for effecting proper service of a subpoena and providing a subpoenaed party timely notification of continued hearings. *See id*. § 159.17(c), (h).

Assuming, arguendo, that the first subpoena was continuously effective, we find that Richardson did not meet her burden to inform the subpoenaed party of the date of the continued hearing. Richardson had to satisfy this notification requirement before Officer Horn's report could be rendered inadmissible under the Texas Administrative Code. *See id*. § 159.17(h).

Richardson contends that she made every reasonable effort to notify the officer of the date of the hearing. We disagree. The record reflects that Richardson sent an investigator to Officer Horn's last known address. The investigator found that Horn's residence had been vacated and a forwarding number left, indicating that he had moved to Arizona. However, the record does not show any further efforts by Richardson to locate Officer Horn. Informing APD of the new date did not satisfy the notification requirement because Richardson did not present any evidence that Horn was still on the APD payroll on August 18. The record does not reflect any attempt by Richardson to contact Officer Horn directly to notify him of the August 25 and October 12 hearing dates.

5

Because this record is silent as to any further efforts to inform Officer Horn of the rescheduled hearings, we hold that Richardson failed to meet the notification requirement of the Texas Administrative Code. *See id.*

We also note that Richardson did not avail herself of other available remedies, such as requesting that the ALJ issue a bench warrant or attachment in order to ensure continued service of the officer. The ALJ offered to take Officer Horn's testimony by telephone, subject to the agreement of both parties. *See id.* § 159.23(c)(8). It appears from the record that this offer was rejected by the DPS, and we are unable to find in the record any indication that Richardson affirmatively agreed to such a procedure.

In the absence of a record of due diligence by the defendant, the ALJ correctly applied the Texas Administrative Code requirements. *See id.* § 159.23(c)(7). We agree with the ALJ's finding that Richardson did not properly subpoena Officer Horn. Richardson did not attempt to inform Horn of the dates of the rescheduled hearings once she learned that he was no longer employed by APD. Because Officer Horn was not shown to have had any knowledge of the dates of the August 25 and October 12 hearings, it cannot be argued that he failed to comply with a properly issued subpoena, thereby rendering his arrest report inadmissible. The ALJ correctly interpreted the Administrative Code to allow the admission of the arrest report as a public record. *See id.*

**Conclusion**

6

Having determined that the ALJ correctly admitted Officer Horn's arrest report as a public record under section 159.23(c)(7) of the Texas Administrative Code, we reverse the judgment of the trial court and render judgment in accordance with the ALJ's order authorizing the DPS to suspend Sherry Richardson's driver's license.

_____

Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel

Reversed and Rendered

Filed:   October 12, 2000

Do Not Publish

7