Reversed and Remanded and Majority and Concurring Opinions filed January
20, 2009








Reversed and
Remanded and Majority and
Concurring Opinions filed January 20, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00539-CV

____________

 

AUTONATION DIRECT.COM, INC. D/B/A
AUTO ADVERTISING SERVICES, Appellant

 

V.

 

THOMAS A. MOOREHEAD, INC. D/B/A BMW
OF STERLING,
Appellee

 



 

On Appeal from the County
Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 828,414

 



 

M A J O R I T Y   O P I N I O N

This is an appeal from the granting of a summary judgment
in favor of the defendant in litigation arising out of a contract dispute. 
Because appellee, Thomas A. Moorehead, Inc. d/b/a/ BMW of Sterling, failed to
meet its summary judgment burden, we reverse and remand to the trial court for
further proceedings in accordance with this opinion.

 








Factual and procedural background

In November 2003 appellant, Autonation Direct.com, Inc.
d/b/a Auto Advertising Services, and appellee executed an Advertising
Agreement.  Among other things, appellant agreed to provide appellee Awith referrals
from the New Car Advertising Service.@  In addition, the
parties agreed that because appellant Ais not a broker or
an agent, but merely an advertising service, fees due to [appellant] are in no
way dependent or contingent on a sale to the consumer.@  In exchange for
these new car referrals, appellee agreed to pay appellant an amount determined
by the number of new car referrals provided.  Appellee also agreed to pay
appellant an $850.00 flat monthly fee in exchange for used car referrals. 
Finally, the parties agreed Virginia law would govern the interpretation of the
Advertising Agreement.

Following the execution of the Advertising Agreement,
appellant invoiced appellee the $850 flat monthly fee, which appellee paid. 
However, when appellant notified appellee that appellee owed appellant more
than $23,000 for new car referrals, appellee refused to pay.  Appellant then
filed suit seeking to collect the outstanding amount.  Arguing it was entitled
to judgment as a matter of law because the Advertising Agreement was illegal
under Virginia law and was therefore unenforceable, appellee moved for summary
judgment on appellant=s cause of action.  In addition, appellee
sought the award of attorney=s fees as the prevailing party under the
Advertising Agreement.  The trial court agreed the Advertising Agreement was
illegal under Virginia law and granted appellee=s motion as to
appellant=s cause of action.  However, because it had found the
Advertising Agreement was illegal and unenforceable under Virginia law, the trial
court denied appellee=s motion for summary judgment to the
extent it sought the award of costs and attorney=s fees and entered
a final judgment.  Both parties have appealed from that final judgment.  

 

 








Discussion

In a single issue on appeal, appellant challenges the trial
court=s granting of
appellee=s motion for
summary judgment as to appellant=s cause of action
seeking payment of $23,360.00 for the provision of new car referrals.  In
addition, in three cross-issues, appellee challenges the trial court=s denial of
appellee=s request for
attorney=s fees and costs.

A.      Choice of
Law and the Standard of Review

The parties contractually agreed to apply the law of
Virginia to their contract.  Texas courts will respect that choice and apply
the law the parties chose.  Illinois Tool Works , Inc. v. Harris, 194
S.W.3d 529, 532 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
However, while the substantive law of Virginia may apply, we as the forum will
apply our own law to matters of remedy and procedure.  Id.  Procedure
includes standards of review.  Id.  Therefore, we use Texas law to
determine what deference to give the trial court=s ruling, and
Virginia law to construe the contract and statutes at issue.








Appellee moved for a traditional summary judgment pursuant
to rule 166a(c) of the Texas Rules of Civil Procedure.  The movant for a
traditional summary judgment has the burden to show there is no genuine issue
of material fact and it is entitled to judgment as a matter of law.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In determining
whether there is a genuine fact issue precluding summary judgment, evidence
favorable to the non-movant is taken as true and the reviewing court makes all
reasonable inferences and resolves all doubts in the non-movant=s favor.  Id.
at 548B49.  We review a
trial court=s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A defendant is
entitled to summary judgment if it conclusively negates at least one of the
essential elements of a plaintiff=s cause of action
or conclusively establishes all necessary elements of an affirmative defense.  Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  Only when the defendant
establishes its right to summary judgment, does the burden shift to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).

B.      Is the
Advertising Agreement Illegal and Unenforceable Under Virginia Law?

Appellee contends the Advertising Agreement is illegal
under Virginia law and is therefore unenforceable.  Accordingly, we look to
Virginia law on statutory construction.  Statutory construction is a question
of law which is reviewed de novo on appeal.  Johnson v. City of Fort
Worth, 774 S.W.2d 653, 656 (Tex. 1989).  When construing statutes,
courts apply the plain language of the statute unless the terms are ambiguous. 
Lynchburg Div. of Social Services v. Cook, 666 S.E.2d 361, 368 (Va.
2008).  If the language is plain, certain, and unambiguous, so that no
doubt arises from its own terms as to its meaning, then there is no room for
interpretation.  Id.  The rules of statutory interpretation argue
against reading any legislative enactment in a manner that will make a portion
of the statute useless, repetitious, or absurd.  Id. at 370.  On the
contrary, it is well established that every act of the legislature should be
read as to give reasonable effect to every word.  Id. 

Under Virginia law, in general, a contract based on an act
forbidden by a statute is void and no action will lie to enforce the contract. 
Blick v. Marks, Stokes & Harrison, 360 S.E.2d 345, 348 (Va. 2007). 
However, the law looks with favor upon the making of contracts between
competent parties upon valid consideration and for lawful purposes.  Estes
Express Lines, Inc. v. Chopper Express, Inc., 641 S.E.2d 476, 478 (Va.
2007).  Furthermore, although contracts that violate public policy are void,
courts are averse to holding contracts unenforceable on the ground of public
policy unless their illegality is clear and certain.  Id.








In support of its contention that the Advertising Agreement
is illegal, appellee cites only section 46.2-1537 of the Code of Virginia.[1] 
Section 46.2-1537 provides:

Prohibited solicitation and
compensation

It shall be unlawful for any motor
vehicle dealer or salesperson licensed under this chapter, directly or
indirectly, to solicit the sale of a motor vehicle through a pecuniarily
interested person, or to pay, or cause to be paid, any commission or
compensation in any form whatsoever to any person in connection with the sale
of a motor vehicle, unless the person is duly licensed as a salesperson
employed by the dealer.  It shall also be unlawful for any motor vehicle
dealer  to compensate, in any form whatsoever, any person acting in the
capacity of a salesperson as defined in ' 46.2-1500 unless
the person is licensed as required by this chapter.

Va. Code Ann. ' 46.2-1537 (West 2008).

 Appellee argues this statute prohibits the type of
advertising called for by the Advertising Agreement because, in appellee=s view, the
disputed payment is connected with the sale of a motor vehicle.  Appellee cites
no Virginia caselaw construing this section of the Virginia Code.   Instead,
appellee relies exclusively on a small section of a document entitled AInternet Task
Force Report@ (AITF Report@).  The section of
the ITF Report appellee relies on provides:

D.      Unlicensed
Third-Party Vendors, Including Brokers and Dotcoms








The ITF supports
the idea that an unlicensed third-party vendor may establish a website that
includes the inventory of different dealers, so long as consumers must visit
the dealer where a vehicle is located to purchase the vehicle.  This situation
includes, but is not limited to, Areferrals@ sent to dealers
from the unlicensed third-party.  However, the ITF limits support of this model
to situations where payment for this service from the motor vehicle dealer to
the unlicensed third-party vendor is not Atransactional.@  That is the ITF
supports the idea that licensed motor vehicle dealers may only compensate an
unlicensed third-party vendor by a flat payment structure (e.g. per month)
rather than per sale, per referral or any other transactional basis.

Internet
Task Force Report, p. 6.

We disagree the ITF Report supports appellee=s construction of
the Virginia statute.  Initially, appellee brought forward no summary judgment
evidence demonstrating that the ITF Report has any legal significance, much
less the same legal effect as a Virginia statute, a Virginia regulation, or the
common law of Virginia.  Instead, appellee argues that because the title page
of the report provides that it was adopted on January 9, 2001, it somehow
assumes the force of law.  Instead of making the ITF Report the law of
Virginia, we believe the statement AAdopted January 9,
2001" means only that the Internet Task Force, which was created by the
Virginia Motor Vehicle Dealer Board[2]
(AMVDB@) to review
emerging internet and associated e-commerce vehicle sales industry issues,
adopted the report and submitted it to the MVDB for its future consideration. 
This conclusion is reinforced by the statement found on page 2 of the ITF
Report that A[t]he objective of this review was to submit
recommendations to the Motor Vehicle Dealer Board  for their consideration and
guidance for future policy determinations.@  Accordingly, we
hold the ITF Report constitutes nothing more than a research report submitted
to the MVDB and does not constitute the law of the Commonwealth of Virginia.








We turn now to the Virginia statute itself.  According to
appellee, section 46.2-1537 prohibits the type of advertising contract at issue
here because it is connected with the sale of a motor vehicle and appellant is
not a licensed salesperson employed by a licensed motor vehicle dealer. 
Appellee makes this argument even though the Advertising Agreement itself
provides Afees due to [appellant] are in no way dependent or
contingent on a sale to the consumer.@  Construing the
statute as suggested by appellant would prohibit all motor vehicle advertising
in Virginia.  Common sense dictates the Virginia legislature could not have
intended such an absurd result.  Accordingly, we reject appellee=s suggested
construction.  Instead, we hold the statute, rather than regulating
advertising, does what it plainly says: it prohibits a Virginia motor vehicle
dealer from compensating any person not licensed as a salesperson by the MVDB
when that person participates in the sale of a motor vehicle.  This
construction is reinforced by the fact there is a separate Virginia statute,
titled AAdvertisements,@ regulating
advertising.  See Va. Code Ann. ' 46.2-1535 (Providing, in
its entirety, AUnless the dealer is clearly identified by name,
whenever any licensee places an advertisement in any newspaper or publication,
the abbreviations >VA DLR,= denoting a
Virginia licensed dealer, shall appear therein.@).  The fee
structure under the contract does not fall within the scope of the statute.

Because appellee did not meet its summary judgment burden
and establish, as a matter of law, that the Advertising Agreement is illegal
under Virginia law, we sustain appellant=s issue on appeal
and reverse the trial court=s granting of appellee=s motion for
summary judgment.  In addition, because we have reversed the granting of
appellee=s motion for
summary judgment and appellee is no longer the prevailing party, we need not
address appellee=s three cross-issues on appeal.  Tex. R.
App. P. 47.1.

 

 








Conclusion

Because we have sustained appellant=s single issue on
appeal, we reverse the judgment of the trial court and remand this case to the
trial court for further proceedings consistent with this opinion.

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

Panel
consists of Justices Anderson, Frost and Hudson.[3]
(Frost, J., Concurring)









[1]  Appellee cites no additional statutes in support of
its contention the type of advertising contract at issue in this appeal is
illegal.  In addition, appellee cites no Virginia regulations or caselaw
holding this type of advertising contract is illegal.





[2]  The Motor Vehicle Dealer Board is the regulatory
body in Virginia charged with the oversight of the motor vehicle dealer
industry in Virginia.  Va. Code Ann. '
46.2-1503.4.





[3]  Senior Justice Harvey Hudson sitting by assignment.