Opinion issued April 12, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00971-CV

———————————

Stephen Whittington, Appellant

V.

Marc H.
Nathan, Appellee



 



 

On Appeal from the 295th District Court

Harris County, Texas



Trial Court Case No. 2009-04631

 



 

O P I N I O N

Appellant, Stephen
Whittington, challenges the trial court’s rendition of summary judgment in
favor of appellee, Marc H. Nathan, in Whittington’s suit against Nathan for
violations of the Uniform Fraudulent Transfer Act (“UFTA”).[1]  In his sole issue, Whittington contends that
the trial court erred in granting Nathan summary judgment on the ground that
Whittington had not timely filed his UFTA action under its four-year statute of
repose.[2] 

We reverse and remand.

Background

          In
June 2006, Whittington obtained a $3.2 million judgment against his former
business associate, Evan Baergen, in a Nevada court.  Unable to collect on his judgment, Whittington,
in May 2008, brought his UFTA action against Baergen
and Nathan in a Nevada court, seeking to recover assets that Baergen had allegedly fraudulently transferred to Nathan.  It is undisputed that Whittington asserted his
UFTA claims in Nevada within UFTA’s four-year statute of repose.  However, the Nevada court ultimately dismissed
Whittington’s UFTA action for lack of personal jurisdiction.  And Whittington, within sixty days of this
dismissal, filed the instant suit against Nathan for violations of UFTA based
upon the same allegations that he had made in the Nevada action.   

Nathan sought summary judgment on the
ground that a cause of action under UFTA is extinguished unless it is brought
within the prescribed period—here, four years.[3]   In his response, Whittington argued that he
had timely brought the instant UFTA action because he had originally filed the
action in Nevada before the expiration of the four-year statute of repose and
he had, in accord with the applicable “savings statute” in the Texas Civil
Practice and Remedies Code,[4] filed the UFTA action in
Texas within 60 days of the Nevada court’s dismissal.

Standard
of Review

To prevail on a summary-judgment motion, a
movant has the burden of proving that he is entitled to judgment as a matter of
law and there is no genuine issue of material fact.  Tex. R.  Civ. P. 166a(c); Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995).  When a defendant moves for summary judgment, he
must either (1) disprove at least one essential element of the plaintiff’s
cause of action or (2) plead and conclusively establish each essential element
of an affirmative defense, thereby defeating the plaintiff’s cause of action.  Cathey, 900 S.W.2d at 341.  When deciding whether there is a disputed,
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).
 Every reasonable inference must be
indulged in favor of the non-movant and any doubts must be resolved in his
favor.  Id. at 549.

We review the trial court’s interpretation
of a statute de novo.  See Johnson v. City of Forth Worth, 774 S.W.2d 653, 655–56
(Tex. 1989). In construing a statute, our objective is to determine and give
effect to the Legislature’s intent.  See Nat’l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).

Suspension
of Statues of Limitations and Repose

In his sole issue, Whittington argues that
the trial court erred in granting Nathan summary judgment because he timely filed
the instant UFTA action in Texas within 60 days of the Nevada court’s dismissal,
for lack of personal jurisdiction, of his same claims against Nathan.  See Tex. Civ. Prac.
& Rem. Code Ann. § 16.064 (Vernon 2008).   Thus, he concludes that UFTA’s four-year
statute of repose did not extinguish his claims.    

Section 16.064, entitled “Effect of Lack
of Jurisdiction,” provides that the period between the date of filing an action
in one court and “the date of a second filing of the same action in a different
court suspends the running of the applicable statute of limitations for the
period” if:

(1)     because of lack of jurisdiction in the
trial court where the action was first filed, the action is dismissed or the
judgment is set aside or annulled in a direct proceeding; and

 

(2)     not later than the
60th day after the date the dismissal or other disposition becomes final, the
action is commenced in a court of proper jurisdiction.  

 

Id.
§ 16.064(a). 
The “remedial purpose” of section 16.064 is to provide relief “to one
who has mistakenly brought his action in the wrong court.”  Clary Corp. v. Smith, 949 S.W.2d 452, 461 (Tex. App.—Fort Worth 1997,
writ denied) (citation omitted).

Here, Whittington, timely, within UFTA’s
four-year statute of repose, sued Nathan in a Nevada court for violations of
UFTA, but the Nevada district court dismissed the action for lack of personal
jurisdiction.  Whittington then, within
60 days of the dismissal, in compliance with section 16.064, made his second
filing of the same UFTA action in the trial court below.  Nevertheless, the trial court, apparently
concluding that Whittington cannot rely upon section 16.064 to suspend the
running of UFTA’s statute of “repose” because it is not a statute of
“limitation,” granted Nathan summary judgment on the ground that Whittington had
untimely filed his UFTA action in Texas. 


Nathan’s argument that section 16.064 does
not apply in the instant case to suspend the running of UFTA’s statute of
repose is based, in large part, upon his interpretation of the Texas Supreme
Court’s opinion in Galbraith Engineering
Consultants v. Pochucha, 290 S.W.3d 863 (Tex.
2009).  In Galbraith, the supreme court concluded
that the Texas Legislature did not intend for former Texas Civil Practice and
Remedies Code section 33.004(e),[5] which concerns the effect
of the timely joinder of designated responsible third parties on statutes of
limitations, “to revive a claim otherwise barred by a statute of repose, as
distinguished from a statute of limitations.” 
Id. at 864.  Although the court recognized that the
legislature has grouped statutes of repose and limitations together in chapter
16 of the Civil Practice and Remedies Code, it noted that “there are
significant differences between the two.” 
Id. at 866.  After noting that “[s]tatutes
of repose are created by the Legislature, and the Legislature may, of course,
amend them or make exceptions to them,” the court framed the issue before it as
“whether the Legislature intended to make such an exception when it enacted
section 33.004(e) as part of its proportionate responsibility scheme, that is,
did the Legislature intend for the revival statute to operate as a general
exception to periods of repose.”  Id. at 867.  

The court’s conclusion in Galbraith, limited to the effect of
section 33.004(e) on statutes of repose, does not mean that section 16.064,
which is expressly entitled, “Effect of Lack of Jurisdiction,” does not apply
to “statutes of repose.”  See id. at 867 & n.4 (acknowledging
that legislature has used term “limitations” in “both contexts” of limitations
and repose; explaining that “statutes of repose in chapter 16 of the Civil
Practice and Remedies Code refer to limitations rather than a period of
repose”).  Indeed, a closer reading of Galbraith and an understanding of the
fundamental purpose of section 16.064 and how it is different from section
33.004(e), which the supreme court recognized as a
“revival statute,” compels the opposite conclusion.  Id. at 869.  

The supreme court
in Galbraith noted that the
legislature can “provide for the extension of a period of repose.”  Id. at 866.  The court
reasoned, however, that section 33.004(e), which allows a claimant sixty days
to file a claim against a person after that person is “designated as a
responsible third party,” does more than “merely extend” the time to file the
claim for a period of two months.  Id. 
“It effectively renders the period of repose indefinite by attaching the
claim’s revival to the existence of some other claim and party that may not be
subject to the same or similar period of repose.”  Id.  The court noted that the original defendant,
Bill Cox, and the subsequently designated responsible third party, Galbraith,
worked on the same improvement to real property and were subject to similar
ten-year statutes of repose.  Id. 
“Hence, the court of appeals viewed section 33.004(e) as extending the
period only by sixty days.”  Id. 
However, as further noted by the supreme court,
“in other cases a responsible third party may be subject to a longer period of
repose or none at all, creating an opportunity for revival many months or years
beyond the ten-year period of repose prescribed by section 16.008.”  Id. at 867.  

The supreme court
concluded that the legislature could not have intended the term “limitations”
as used in section 33.004(e) to apply more broadly to include statutes of
“repose.”  Id. at 868–69.  It reasoned that so broadly construing the
term “limitations” as used in section 33.004(e) would defeat the recognized
purpose for statutes of repose, that is, the establishment of a definite end to
the potential for liability, unaffected by rules of discovery or accrual.  Id. at 868.  The court
found nothing in section 33.004 or the proportionate responsibility scheme to
convince it that the legislature intended to revive claims extinguished by a
statute of repose, and, “[b]ecause application of the
revival statute in this instance
effectively renders the period of repose indefinite, a consequence clearly
incompatible with the purpose for such statutes,” it concluded that the legislature
“intended for the term ‘limitations’ in
section 33.004(e) to refer only to statutes of limitations.”  Id.  at 869 (emphasis
added).

Here, in stark contrast, construing the
term “limitations” as used in section 16.064 to include statutes of repose would
not in any way defeat the recognized purpose of statutes of repose.   Indeed, the language of section 16.064
presumes that the pertinent action has been timely filed, albeit in a court
lacking jurisdiction.  Thus, section
16.064 does not serve to “revive” an action that was lost because it was not
timely filed; rather, it merely serves to “suspend” the running of periods of
limitations and repose for sixty days so that a plaintiff may make a “second
filing of the same action in a different court” with “proper jurisdiction.”  Tex. Civ.
Prac. & Rem. Code Ann. § 16.064. 

Accordingly, in interpreting the language
of section 16.064, we conclude that the legislature intended for the term
“statute of limitations” as used therein to include “statutes of repose,” i.e.,
it intended to provide for a suspension of the period of limitations or repose
for an action, which, although originally filed timely, was filed in a court
lacking jurisdiction.  See id.   Accordingly, we hold that the trial court
erred in granting Nathan summary judgment on Whittington’s UFTA action.

We sustain Whittington’s sole issue.

Conclusion

We reverse the judgment of the trial
court, and remand this case for further proceedings consistent with our
opinion.          

 

 

                                                          Terry
Jennings

                                                          Justice

 

Panel
consists of Justices Jennings, Sharp, and Brown.

Justice Brown, dissenting.

 











[1]           See
Tex. Bus. & Com. Code
Ann. §§ 24.01–.013 (Vernon 2009).  

 





[2]           See
id. § 24.010.

 





[3]           See
id.

 





[4]           See Tex.
Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 2008).





[5]
          The legislature has now repealed
section 33.004(e). Acts of May 30, 2011, 82nd Leg., R.S., ch. 203, §§ 5.02, 6.01–.02, 2011 Tex. Sess. Law Serv. ch. 203.