**AMERICAN HOUSING FOUNDATION and College Station Texas Southgate Village, Ltd., Appellants,**

v.

**BRAZOS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 10–04–00149–CV.

Court of Appeals of Texas, Waco.

June 22, 2005.

Rehearing Overruled July 19, 2005.

Christopher L. Jensen, John Ben Blanchard, Andrew G. Little, Sprouse Shrader Smith PC, Amarillo, for appellants.

Jon Miller, Rodgers Miller McLain, Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellants, American Housing Foundation ("AHF") and College Station Texas Southgate Village, Ltd. ("Southgate Village, Ltd.") appeal from the trial court's summary judgment in favor of Appellee, the Brazos County Appraisal District ("Appraisal District"). AHF and Southgate Village, Ltd. appeal in two issues:

(1) Does Texas Tax Code section 11.182(e) allow an entity that is not the record owner of the property in question to claim the tax exemption created by that statute?

(2) Does Texas Tax Code section 11.182(e) allow an exemption for structures built prior to December 31, 2001?

We decline to answer the first question because the answer to the second is "no"; thus we will affirm the summary judgment.

## BACKGROUND

AHF is a non-profit Texas corporation and a Community Housing Development Organization ("CHDO") that provides acceptable housing to low and moderate income individuals. Southgate Village Apartments, originally constructed well

before 2001, are low to very-low income housing apartments in Brazos County. Southgate Village, Ltd., a Texas limited partnership and for-profit organization, owns the apartments. AHF Southgate Village, Inc. ("AHF Southgate"), a Texas corporation, is the sole general partner of Southgate Village, Ltd. AHF Southgate is a wholly-owned subsidiary of AHF.

AHF applied for a year 2002 property tax exemption for the apartments under Texas Tax Code section 11.182. TEX. TAX CODE ANN. § 11.182 (Vernon Supp.2004–05). The Brazos County Chief Appraiser determined that (1) AHF was not the legal owner of the property as required by section 11.182(b) because deeded ownership appeared to be vested in Southgate Village, Ltd.; (2) Section 11.182(e) applied only to property constructed after December 31, 2001; and (3) AHF allegedly failed to supply the appropriate audit to the Appraisal District. AHF protested the denial of the tax exemption, and the Appraisal Review Board denied AHF's appeal. In 2003, AHF applied for a year 2003 property tax exemption. The Appraiser determined that (1) AHF was not the legal owner of the property as required by section 11.182(b) because deeded ownership appeared to be vested in Southgate Village, Ltd.; and (2) Section 11.182(e) applied only to property constructed after December 31, 2001. AHF protested the denial of the tax exemption, and the Appraisal Review Board denied AHF's appeal.

In 2002, AHF and Southgate Village, Ltd. sued the Appraisal District seeking review of the 2002 tax exemption denial. The petition was later amended to include the denial of the 2003 tax exemption. The Appraisal District filed a motion for summary judgment, and AHF and Southgate Village, Ltd. filed a competing motion for summary judgment. The trial court granted the Appraisal District's motion and denied AHF's and Southgate Village, Ltd.'s motion.

## SUMMARY JUDGMENT

### Standard of Review

We review the decision to grant or deny a summary-judgment motion *de novo*. *See Rucker v. Bank One Texas, N.A.*, 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet. denied). The standards for reviewing a traditional motion for summary judgment are well established. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Ash v. Hack Branch Distributing Co.*, 54 S.W.3d 401, 413 (Tex. App.-Waco 2001, pet. denied).

■ When competing motions for summary judgment are filed and one is granted and one denied, the appellate court should determine all questions presented and should render the judgment the trial court should have rendered. *FM Properties Operating v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). But this is so only if, as here, both parties' motions sought final judgment, *i.e.*, relief on all issues. *Montgomery v. Blue Cross & Blue Shield*, 923 S.W.2d 147, 152 (Tex.App.-Austin 1996, writ denied); *Runyan v. Mullins*, 864 S.W.2d 785, 790 (Tex.App.-Fort Worth 1993, writ denied).

### Rules of Statutory Construction

The propriety of this summary judgment turns on the construction of section 11.182 of the Tax Code. TEX. TAX CODE ANN. § 11.182. Statutory construction issues are legal questions reviewed *de novo*. *Johnson*

*v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). In construing a statute, the reviewing court should determine and give effect to the Legislature's intent. *National Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). The court must first look at the statute's plain and common meaning. *Allen,* 15 S.W.3d at 527; *Fitzgerald v. Advanced Spine Fixation,* 996 S.W.2d 864, 865 (Tex.1999). The court presumes that the Legislature intended the plain meaning of the words it used. *Allen,* 15 S.W.3d at 527. And words, unless used as a term of art or connected with a particular trade or subject matter, are given their ordinary meaning. *In re BACALA,* 982 S.W.2d 371, 380 (Tex.1998); Tex. Gov't Code Ann. § 311.011 (Vernon 2005). If the statute is unambiguous, the reviewing court typically adopts the interpretation supported by the plain meaning of the statute's words; rules of construction and extrinsic aids should not be applied, nor extraneous matters inquired into. *Allen,* 15 S.W.3d at 527 (extraneous matters); *Fitzgerald,* 996 S.W.2d at 865–66 (rules of construction and extrinsic aids).

### Section 11.182

The statute at issue is section 11.182, subsections (b) and (e):

(b) *An organization* is entitled to an exemption from taxation of improved or unimproved real property **it owns** *if the organization* :

  (1) is organized as a community housing development organization;

  (2) meets the requirements of a charitable organization provided by Sections 11.18(e) and (f);

  (3) *owns the property* for the purpose of building or repairing housing on

the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family; **and**

(4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

. . .

(e) *In addition to* meeting the applicable requirements of Subsections (b) and (c), to receive an exemption under Subsection (b) for improved real property that includes a housing project constructed after December 31, 2001, and financed with qualified 501(c)(3) bonds issued under Section 145 of the Internal Revenue Code of 1986, tax-exempt private activity bonds subject to volume cap, or low-income housing tax credits, *the organization must* :

  (1) control 100 percent of the interest in the general partner if the project is owned by a limited partnership;

  (2) . . .

  (3) . . .

Tex. Tax Code Ann. § 11.182(b), (e) (emphasis added).[1]

### Analysis

■ The parties agree that the Legislature intended some change by the addition of subsection (e) in 2001. AHF and Southgate Village, Ltd. argue that because AHF controls 100 percent of the general partner of the limited partnership that owns the apartments, as allowed by subsection (e), it is entitled to the tax exemption. The Appraisal District argues that AHF is not entitled to the exemption because subsection (e) applies only to housing projects constructed after December 31, 2001,

1. The parties have no dispute about the applicability of subsection (c).

which would apply for tax years after subsection (e) was added.

■ The words "in addition to" have a plain meaning of "combined or associated with" or "besides." [2] *See Allen,* 15 S.W.3d at 527; MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 13 (10th ed.1993). Nevertheless, we find that the summary judgment evidence shows: (1) AHF was not entitled to the exemption under subsection (b) because it did not own the housing project; (2) Southgate Village was not entitled to the exemption under subsection (b) because it was not a CHDO; and (3) subsection (e) did not create an entitlement to the exemption because the property in question owned by Southgate Village (which admittedly is a limited partnership whose general partner is controlled 100% by AHF) was not a housing project "constructed" after December 31, 2001.[3]

## CONCLUSION

Tax Code Section 11.182(e) applies only to housing projects constructed after December 31, 2001. We affirm the summary judgment.

---

**2.** Thus, subsection (e) on its face requires compliance with subsections (b) and (c). The parties appear to believe that the Legislature intended to say "in lieu of the requirements of (b) and (c)." We express no opinion on the effect to be given to the words "in addition to."

**3.** We do not reach the Appraisal District's contention that there is no evidence that Southgate Village used one of the three types of financing required under subsection (e).