NUMBER 13-05-00496-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


AMERICAN HOUSING FOUNDATION AND

SEA GREENS PARTNERSHIP, LTD.,                                            Appellants,

 

                                                             v.

 

CALHOUN COUNTY APPRAISAL DISTRICT,                                 Appellee.

                                                                                                                        

    On appeal from the 135th District Court of Calhoun County,
Texas.

                                                                             
                                          

                               O P I N I O N

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                                      Opinion
by Justice Hinojosa

 

Appellants, American Housing Foundation (AAmerican Housing@) and Sea Greens Partnership, Ltd. (ASea Greens@) appeal the rejection of their application
for a property tax exemption by appellee, Calhoun County Appraisal District (AAppraisal District@).  We
affirm.








                                                             A.  Background

Sea Greens is a Texas limited partnership
and the legal title holder of the Sea Greens Apartments, a complex built in
1996 in Port Lavaca, Calhoun County, Texas. 
Sea Greens= general partner, Sea Greens Housing Cooperative,
is wholly owned and controlled by American Housing.  Sea Greens= limited partner is Chevron, U.S.A.,
Ltd.    

In 2003, Sea Greens submitted an AApplication for Community Housing
Development Organization Improving Property for Low-Income and Moderate-Income
Housing Property Tax Exemption@ under section 11.182 of the Texas Tax
Code.  The Appraisal District denied the
application, and the Calhoun County Appraisal Review Board affirmed the
Appraisal District=s decision. 
Appellants appealed the decision to the 135th District Court of Calhoun
County.

In the district court, all parties filed
motions for summary judgment.  American
Housing and Sea Greens moved for partial summary judgment on two elements of
their claim of entitlement to the exemption. 
The Appraisal District moved for summary judgment on both traditional
and no evidence grounds.  Without stating
its reasons, the trial court granted the Appraisal District=s motion for summary judgment and denied
appellants= motion. 
This appeal ensued.








American Housing and Sea Greens raise the
following five issues on appeal:  (1)
whether section 11.182(e) allows a limited partnership to claim a property tax
exemption under section 11.182; (2) whether section 11.182 applies to housing
projects constructed both before and after December 31, 2001; (3) if section
11.182 is interpreted to allow the exemption, whether it is unconstitutional as
applied here; (4) whether American Housing is indeed a proper party to this
suit; and (5) whether the trial court erred in failing to grant American
Housing=s motion for summary judgment.

                                                     B.  Standard
of Review

We review a trial court=s decision to grant or deny motions for
summary judgment de novo.  Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).  The standards of review for summary judgments
are well settled.  In a traditional
motion for summary judgment, the movant has the burden of showing that no
genuine issue of material fact exists and that it is entitled to summary
judgment as a matter of law.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); ABB Kraftwerke v.
Brownsville Barge & Crane, Inc., 115 S.W.3d 287, 290 (Tex. App.BCorpus Christi 2003, pet. denied); see
Tex. R. Civ. P. 166a(c).  A no-evidence summary judgment is proper if
the non-movant fails to bring forth more than a scintilla of probative evidence
to raise a genuine issue of material fact. 
King Ranch v. Chapman, 118 S.W.3d 742, 750 (Tex. 2003); Wal‑Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); see Tex. R Civ. P. 166a(i). 

                                                                  C.  Analysis

The parties agree that the disposition of
this case depends upon the interpretation of section 11.182 of the Texas Tax
Code.  Tex.
Tax. Code. Ann. ' 11.182(b) (Vernon Supp. 2005).  Under section 11.182, organizations that meet
specified requirements may be entitled to an exemption from taxation of
improved or unimproved real property they own. 
See id.  Subsection (e) of
section 11.182, adopted in 2001, provides, in relevant part, as follows:








In addition to meeting the applicable requirements of Subsections (b)
and (c), to receive an exemption under Subsection (b) for improved real
property that includes a housing project constructed after December 31, 2001, and
financed with qualified 501(c)(3) bonds issued under Section 145 of the
Internal Revenue Code of 1986, tax‑exempt private activity bonds subject
to volume cap, or low‑income housing tax credits, the organization must:

 

(1)       control 100 percent of the interest in the
general partner if the project is owned by a limited partnership.

 

Act of June 15, 2001, 77th Leg.,
R.S., ch. 1191, ' 1, sec. 11.182, 2001 Tex. Sess. Law Serv.
2550, 2551 (current version at Tex. Tax
Code Ann. ' 11.182(e) (Vernon Supp. 2005)) (emphasis
added).

In their second
issue, appellants assert that section 11.182(e) applies to housing projects
constructed both before and after December 31, 2001.  We conclude, however, that the Legislature
intended section 11.182(e) to apply only to housing projects constructed after
December 31, 2001.  See Am. Hous.
Found. v. Brazos County Appraisal Dist., 166 S.W.3d 885, 889 (Tex. App.BWaco 2005, pet. denied).








Matters of statutory construction are legal
issues we review de novo.  See City of
San Antonio v. City of Boerne, 111 S.W.3d 22, 25‑26 (Tex. 2003); City
of Garland v. Dallas Morning News, 22 S.W.3d 351, 357 (Tex. 2000); Johnson
v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989).  Our primary objective in construing a statute
is to determine and give effect to the Legislature's intent.  City of San Antonio, 111 S.W.3d at 25;
State v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  We determine legislative intent from the
entire act and not just its isolated portions.  Gonzalez, 82 S.W.2d at 327 (citing Jones
v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998)).  Thus, we Aread the statute as a whole and interpret it
to give effect to every part.@ Id.; City of San Antonio, 111
S.W.3d at 25.  AIt is an elementary rule of construction
that, when possible to do so, effect must be given to every sentence, clause,
and word of a statute so that no part thereof be rendered superfluous or
inoperative.@  Spence
v. Fenchler, 180 S.W. 597, 601 (Tex. 1915); see Jessen Assoc., Inc. v.
Bullock, 531 S.W.2d 593, 600 (Tex. 1975) (AIt is generally presumed that every word in
a statute is used for a purpose.@).   

Appellants= primary argument in support of their urged
interpretation is based on the definition of the term Aincludes@ found in the Texas Code Construction
Act:  A>Includes= and >including= are terms of enlargement and not of
limitation or exclusive enumeration, and use of the terms does not create a
presumption that components not expressed are excluded.@  Tex. Gov=t Code Ann. ' 311.005 (Vernon 1998).  Appellants assert that the term Aincludes,@ therefore, must be interpreted expansively
and the only way to do so is to interpret subsection (e) to apply to housing
projects constructed both before and after December 31, 2001.  We disagree.

First, while the definitions included in the
Code Construction Act provide important guidance to achieve uniform statutory
interpretation, we note that they are applicable Aunless the statute or context in which the
word or phrase is used requires a different definition.@  Id.  Thus, the application of such definitions is
not mandatory in all cases.








Next, we do not see appellants= urged interpretation as the only way to
read the term Aincludes@ expansively within the context of the
statute.  Appellants assert that the only
category or class which Aincludes@ could modify is that of housing
projects.  However, upon looking at the
remainder of the statute and subsection (e), we conclude that the term  Aincludes@ expansively refers to types of improvements
on an improved property, not the more limited category of housing projects
alone.  This interpretation (1) gives
meaning to the legislature=s inclusion of the specification Aafter December 31, 2001@ and (2) reads Aincludes@ expansively, as guided by the Code
Construction Act.  In addition, this
interpretation actually construes subsection (e) more expansively than
appellants= urged interpretation, which could be
understood to mean that in order for an improved real property to be eligible,
a housing project must be located on the property.

Further, appellants= urged interpretation would render the
phrase Aconstructed after December 31, 2001@ meaningless and reduce it to mere
surplusage.  See Spence,
180 S.W. at 601; Jessen Assoc., Inc., 531 S.W.2d at 600.  Had the legislature intended subsection (e)
to apply to all housing projects constructed at any time, there would have been
no need to include the phrase Aconstructed after December 31, 2001.@  We
reject appellants= argument that the phrase was necessary to
indicate the inclusion of not only housing projects already in existence at the
time of enactment, but those prospectively constructed.  Statutes are presumed to be prospective in
their operation unless expressly made retrospective.  See Tex.
Gov=t Code Ann. ' 311.022 (Vernon 1998).  Appellants provide no authority in support of
their claim that without an express statement, the statute would apply only to
buildings in existence at the time of the enactment of the legislation.

Moreover, an interpretation of the statute
that makes the phrase Aconstructed after December 31, 2001@ (emphasis added) mean constructed before
or after December 31, 2001, is grossly contrary to the ordinary meaning
of the word Aafter.@  See
Merriam Webster=s Collegiate
Dictionary (11th ed. 2004)
(defining Aafter@ as Afollowing in time or place@ or Asubsequent to in time or order@); see also Tex. Gov=t Code Ann. ' 311.011(a) (Vernon 1998) (AWords and phrases shall be read in context
and construed according to the rules of grammar and common usage.@).








Finally, this construction complies with the
general rule that statutes exempting property from taxation should be strictly
construed in favor of taxation.  See
North Alamo Water Supply Corp. v. Willacy County Appraisal Dist., 804
S.W.2d 894, 899 (Tex. 1991).         We hold that section 11.182(e) of the
Texas Tax Code applies only to housing projects constructed after December 31,
2001.  Because the Sea Greens Apartments
were constructed before December 31, 2001, section 11.182(e) is inapplicable in
this case and the property at issue does not qualify for a property tax
exemption under the terms of the statute. 
Therefore, the trial court did not err in granting the Appraisal
District=s motion for summary judgment and in denying
appellants= motion for partial summary judgment.

Appellants= second issue is overruled.  Because this issue is dispositive, it is not
necessary to address appellants= remaining issues.  See Tex.
R. App. P. 47.1.

The trial court=s summary judgment is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Opinion delivered and filed this

the 27th day of July, 2006.