Opinion issued October 5, 2006










     



In The
Court of Appeals
For The
First District of Texas 




NO. 01-05-00496-CV




TRQ CAPTAIN’S LANDING L.P., A TEXAS LIMITED PARTNERSHIP
and AMERICAN HOUSING FOUNDATION, A TEXAS NON-PROFIT
CORPORATION, Appellants

V.

GALVESTON CENTRAL APPRAISAL DISTRICT, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 04CV0796




DISSENTING OPINION

          TRQ could not claim a property tax exemption because it is the owner and legal
title holder of the property at issue, but it is not a charitable community housing
development organization. Instead, it is a Texas limited partnership that did not seek
or obtain non-profit or CHDO status during 2003.


 The applicable provision
governing tax exemptions plainly restricts them to qualified CHDOs who own the
property subject to taxation. Although AHF is a CHDO, it does not own the property,
and thus it is not legally obligated to pay any tax levied on the property. The majority
concludes that an investor in a duly organized limited liability entity holds “equitable
title” to property owned by the entity in which it invests, and then further concludes
that such title is sufficient to allow the limited liability entity to assert the investor’s
CHDO status. Because the statute does not confer imputed exemptions, I respectfully
dissent.
          The statute requires ownership.Section 11.182 of the Texas Tax Code allows a CHDO to claim a property tax
exemption for real property it owns. See Tex. Tax Code Ann. § 11.182 (Vernon
Supp. 2005). In particular, subsection (b) provides:
(b) An organization is entitled to an exemption from taxation of
improved or unimproved real property it owns if the organization: 
 
(1) is organized as a community housing development
organization; 
 
(2)meets the requirements of a charitable organization
provided by Sections 11.18(e) and (f);


 
 
(3)owns the property for the purposes of building or
repairing housing on the property to sell without
profit to a low-income or moderate-income
individual or family satisfying the organization’s
eligibility requirements or to rent without profit to
such an individual or family; and 
 
(4)engages exclusively in the building, repair, and sale
or rental of housing as described by Subdivision (3)
and related activities. 

Id. § 11.182(b) (emphasis added). Thus, not once, but twice, the statute requires that
the CHDO own the property. It does not define “owns.” As the majority observes,
TRQ and AHF contend “that the exemption should be imputed through the
partnership chain and back to AHF.” Thus, our decision turns on whether we impute
ownership beyond the legal title holder for property tax exemption purposes. Nothing
in the plain language of the statute permits such an interpretation, and cases
interpreting the Tax Code have not done so. To the contrary, the Texas Supreme
Court has held that an exemption from taxation should not be found unless the plain
language of the statute confers it:
Statutory exemptions from taxation are subject to strict
construction since they are the antithesis of equality and
uniformity and because they place a greater burden on
other taxpaying businesses and individuals. An exemption
cannot be raised by implication, but must affirmatively
appear, and all doubts are resolved in favor of [the] taxing
authority and against the claimant.

Bullock v. Nat’l Bancshares Corp., 584 S.W.2d 268, 271–72 (Tex. 1979). 
The property tax obligation—and thus the corresponding exemption—rests
with the legal title holder, as the owner.

          “The person having legal title to property is generally considered to be the
owner thereof for purposes of taxation.” Childress County v. State, 127 Tex. 343,
349, 92 S.W.2d 1011, 1015 (1936); Travis Cent. Appraisal Dist. v. Signature Flight
Support Corp., 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.) (holding that
lessees could not be taxed on property for which City of Austin held legal title). In
rare instances, when the legal title holder to property is unclear or legally
encumbered, courts will examine whether a party holds equitable title to real property. 
See Signature Flight, 140 S.W.3d at 840 (“In the absence of a clear legal title-holder,
the holder of the equitable title is considered the taxable owner, while someone with
only a contingent interest is not.”). An equitable title holder is not an owner for
taxation purposes unless the legal title holder is legally encumbered, or a dispute as
to the legal title holder’s identity exists; rather, with rare exceptions, legal and
equitable title are merged in a single owner. See Tex. Tpk. Co. v. Dallas County, 153
Tex. 474, 477–78, 271 S.W.2d 400, 401–02 (1954) (rejecting tax exemption for
private turnpike entity based on contractual provision that State was equitable title
holder of property). “Equitable title” for property tax purposes thus does not exist
absent uncertainty as to actual, legal title or legal encumbrance (as, for example,
between trustees and beneficiaries or estate administrators and heirs). Even in those
instances, the property tax obligation lies with the legal title owner if one is
determinable. See Bailey v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 584
(Tex. 1993) (“While it is true that the heirs hold equitable title to estate property, this
interest does not give rise to tax liability. The responsibility for taxes lies with the
administrator as holder of legal title.”). 
          Moreover, a contingent interest is not an ownership interest in property. Tex.
Tpk., 271 S.W.2d at 402. A lienholder, for example, is not an “owner” for property
taxation purposes, though it may have some future right to the property in the event
of default. See Childress County, 127 Tex. at 351, 92 S.W.2d at 1016; Comerica
Acceptance Corp. v. Dallas Cent. Appraisal Dist., 52 S.W.3d 495, 497 (Tex.
App.—Dallas 2001, pet. denied) (holding that lienholder in possession of collateral
pending foreclosure is not owner for property tax purposes).
Investors are neither owners nor “equitable title holders.”

          In this case, TRQ and AHF seek to expand the principle of equitable title
“owners” to include classes of investors: i.e., partners, limited partners, and limited
liability company members (and, by implication, corporate shareholders). AHF,
however, does not hold “equitable title” to the apartments. Rather, it owns
partnership and limited liability company equity interests of various sorts—primarily,
in CD Captain’s Landing, L.L.C., by virtue of its 100% membership interest in the
company.


 Secondarily, AHF has an interest in TRQ, through its interest in CD,
because CD is the sole limited partner of TRQ. The general partner for TRQ is TRQ
Galveston, L.L.C., another limited liability company, in which AHF also holds a
100% membership interest. Graphically, it looks like this:
 
 
 
 



 
Although the majority may be correct that, under principles of federal income
taxation, AHF ultimately pays the taxes incurred by the partnerships and limited
liability companies in which it invests, AHF does not bear liability for—and does not
pay—any state property tax associated with the real property assets of the limited
partnerships and limited liability companies in which it invests. Rather, liability rests
with TRQ Captain’s Landing, L.P., as title holder, and in the case of default, the
property itself via a tax lien. See Bailey, 862 S.W.2d at 584. Tax liability never lies
with AHF.



           This is because neither a general nor a limited partner has “the present right
to compel legal title” to property owned by a partnership. It is axiomatic that
partnership property is not the property of the partners, even of a general partner. See
Tex. Bus. Org. Code Ann. § 152.101 (Vernon Supp. 2005) (“Nature of Partnership
Property: Partnership property is not property of the partners.”). The same is true for
members of limited liability companies. See id. § 101.106(b) (“A member of a
limited liability company or an assignee of a membership interest in a limited liability
company does not have an interest in any specific property of the company.”). Thus,
as the majority acknowledges, in order to gain title to the property in this case, AHF
must dissolve or wind-up the affairs of the various partnerships and limited liability
companies in which it has invested. Undeniably, it possesses the power to do so, but
that is not tantamount to a present, vested right to compel title—it is, at best
(assuming no default on creditors’ secured interests or other material liens or claims
on the assets of the partnership or limited liability company), a contingent right that
could be asserted via a future course of action. See Comerica, 52 S.W.3d at 497
(noting that lienholders are not owners in part because they have no right to use or
possession of property apart from future right of possession upon loan default). 
          Investors, without more, are simply not “equitable title holders” for real
property purposes. Rather, investors are the equitable owners of the business
organizations in which they invest. Thus, I disagree with the Amarillo Court of
Appeals’s interpretation of “equitable title” and its holding in Southeast Texas
Housing Finance, which the majority concludes is applicable to the Tax Code
provision in this case. See Harris County Appraisal Dist. v. Se. Tex. Hous. Fin.
Corp., 991 S.W.2d 18, 22 (Tex. App.—Amarillo 1998, no pet.).


 In deciding to
classify investors as “equitable owners,” our court and the court of appeals in
Southeast Texas Housing Finance incorrectly apply Texas Turnpike. 
          In Texas Turnpike, the Texas Supreme Court denied a property tax exemption
to a legal title holder, who sought to claim it on the basis that a public entity—the
State—equitably owned the property, based upon the express characterization of it
as an equitable title holder in legislation governing the Texas Turnpike Authority. 
Tex. Tpk., 153 Tex. at 477, 271 S.W.2d at 401. Decided in 1954, the case did not deal
with modern equity investment vehicles, but the court’s overarching determination
that any right to property must be vested to claim an exemption applies in today’s
context—contingent rights are not equitable ownership rights. See id. at 478, 271
S.W.2d at 402 (noting that “[the State’s] interest in the property is not a vested
interest; it is purely contingent”). 
          Classifying investors as equitable owners ignores the very legal formalities that
exist to differentiate investors from the business entities in which they invest and
creates multiple “owners” for property tax purposes. In this case, for example, it
creates at least four: AHF; CD Captain’s Landing, L.L.C.; TRQ Galveston, L.L.C.;
and TRQ Captain’s Landing, L.P. The last of these has legal title, too, but one cannot
ignore that it also has equitable title, for no legal encumbrance exists as to its
ownership, and the legal title is undisputed.
          Moreover, nothing requires three of these entities (all but AHF) to comply with
the other provisions of Tax Code section 11.182(b). See Tex. Tax Code Ann.
§ 11.182(b). For example, TRQ Captain’s Landing need not pay salaries that are
within “a reasonable allowance for services rendered,” and need not “use its assets
to perform charitable functions,” as required by section 11.182(b)(2). Id.
§ 11.182(b)(2). The Legislature conditioned the right to a tax exemption upon
fulfilling certain statutory obligations, but nothing compels the non-CHDO entity
with an investor classified as an “equitable owner” to comply with these obligations.
          Finally, subsection 11.182(e),


 added to section 11.182 in 2001, does not
suggest a different result. See Act of May 25, 2001, 77th Leg., R.S., ch. 1191, § 1,
2001 Tex. Gen. Laws 2694, 2695, 2696 (current version at Tex. Tax Code Ann.
§ 11.182(e) (Vernon Supp. 2005)). By its express terms, the amendment imposes a
limitation “[i]n addition to” compliance with subsections 11.182(b) and (c). Tex.
Tax Code Ann. § 11.182(e). Whatever the Legislature’s intent in adding subsection
(e), which requires that the CHDO be the sole general partner in limited partnership
projects for an exemption to apply, it does not change the result in this case, because
the amendment does not apply to projects constructed before 2002 (as this one was),
and is “[i]n addition to” existing ownership requirements. Id. Furthermore, AHF is
not the general partner of TRQ; rather, TRQ Galveston holds that interest.


 
* * *
          Section 11.182(b) does not confer a tax exemption based on the charitable
status of an investor in a company or limited partnership that owns the property. 
Using the required principle of strict construction, we should not impute one where
it does not “affirmatively appear.” See Bullock, 584 S.W.2d at 271–72.
Southeast Texas Housing Finance is inconsistent with caselaw from the
Texas Supreme Court and the Waco Court of Appeals.

          Because equity investors are not owners of the real property assets of the
companies in which they invest, we should decline to follow the Amarillo Court of
Appeals’s decision in Southeast Texas Housing Finance. 991 S.W.2d 18 (Tex.
App.—Amarillo 1998, no pet.). Instead, we should follow American Housing
Foundation v. Brazos County Appraisal District, and hold that an investor seeking
a section 11.182(b) exemption on behalf of an entity in which it invests does not
qualify the entity as an “owner” under the statute when the entity, as legal title holder,
does not qualify in its own right. 166 S.W.3d 885 (Tex. App.—Waco 2005, pet.
denied). This approach is consistent with the Texas Supreme Court’s opinions in
Bailey and Childress County, regarding legal title, and its opinion in Bullock,
requiring strict construction of statutes that confer tax exemptions. See Bailey, 862
S.W.2d at 584 (“The responsibility for taxes lies with the administrator as holder of
legal title.”); Bullock, 584 S.W.2d at 272 (“An exemption cannot be raised by
implication, but must affirmatively appear . . . .”); Childress County, 127 Tex. at 349,
92 S.W.2d at 1015 (“The person having legal title to property is generally considered
to be the owner thereof for purposes of taxation.”).
          The majority relies on a number of cases that define equitable title as “the
present right to compel legal title.” Save Southeast Texas Housing Finance, however,
those cases do not define who holds equitable title; rather, they define who does not. 
Contractual obligees, while the contract is executory, do not. Tex. Tpk., 153 Tex. at
478, 271 S.W.2d at 402. Lessees do not. Signature Flight, 140 S.W.3d at 840. 
Secured creditors do not. Comerica, 52 S.W.3d at 498. Investors do not, either, and
we should so hold.


 Brazos County, 166 S.W.3d at 889.
 
 
 
 
 
 
 
 
 
 
 
CONCLUSION 
          AHF does not own the property that the appraisal district seeks to tax, and the
exemption in Tax Code section 11.182(b) does not provide that charitable investors
may assert an exemption on behalf of the non-charitable entities in which they invest,
if those entities do not qualify for the exemption in their own right under the statute.
Classifying business investors as equitable owners of property held by the businesses
in which they invest departs from the general rule that the legal title holder is the
owner for property tax purposes and creates uncertainty as to the real property rights
and obligations of Texas business entities. The trial court correctly ruled that the
property tax must be paid. I therefore respectfully dissent. 
Jane Bland
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.
Justice Bland, dissenting.