IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00143-CV

 

Daniel Lee Alford, III,

                                                                                    Appellant

 v.

 

James J. Alford,

                                                                                    Appellee

 

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 24010

 



Opinion



 








            This appeal involves a will contest
between Daniel and James Alford regarding their father’s estate and, in
particular, the devise of a family-owned motel, the Surrey Inn and Restaurant. 
Daniel and James filed competing summary judgment motions.  The court granted
James’s motion, denied Daniel’s, and rendered judgment that the devise in
question included not only the premises of the Surrey Inn and Restaurant (i.e.,
real property) but also all “personal or mixed (whether tangible or intangible)
property interests” held by the decedent at the motel.  Daniel contends that:
(1) as a matter of law the devise in question includes only the premises; and
(2) the court erred by awarding attorney’s fees to James because a genuine
issue of material fact remains on the question of whether the attorney’s fees
sought were reasonable and necessary.  We will reverse and render in part and
reverse and remand in part.

Background

            Daniel’s and James’s father D. L.
Alford, Jr. made the following devise in Paragraph 2.1(F) of his will[1]
regarding the Surrey Inn and Restaurant:

I devise all of my interest in the Homestead, as hereinafter defined, and the Surrey Inn and Restaurant, as hereinafter
defined (the Homestead and Surrey Inn and Restaurant referred to in this
Paragraph as the “Real Estate Devise”), as hereinafter defined  .  .  .  .[2]

 

Paragraph 7.1(W) of the will further provides:

 

            The “Surrey Inn and Restaurant” shall
refer to those four certain lots or parcels of land located in the City of
Caldwell, Burleson County, Texas, locally known as 403 East Highway 21, Caldwell,
Texas, together with all improvements thereon, and being more particularly
described as  .  .  .  .[3]

 

            Daniel and James filed a joint
application for the probate of the will.  James later filed a petition in the
probate proceeding for a declaratory judgment construing the above-quoted
provisions of the will.  James requested “a declaration that the will grants
James J. Alford all of the interests of the Surrey Inn and Restaurant,
including but not limited to all interest in the real property, and all income
flowing from the operation of the businesses on the property, to the exclusion
of any other heir or person.”

            James next filed a summary judgment
motion contending that: (1) the will is unambiguous; (2) the testator’s use of
the phrase “all of my interest” in connection with the devise of the property
clearly indicates an intent to devise “all real, personal, tangible and
intangible, or other property interest associated with the Surrey Inn and
Restaurant”; (3) even if the will is found to be ambiguous, extrinsic evidence
demonstrates that this was the testator’s intent; and (4) he is entitled to
reasonable and necessary trial attorney’s fees of $14,200 plus additional
attorney’s fees in the event of an appeal.

            Daniel filed his own summary judgment
motion in response contending that the devise of the Surrey Inn and Restaurant
is unambiguous and bequeaths “the Real Property and only the Real
Property.”  Daniel too requested attorney’s fees in his summary judgment
motion.  In a summary judgment response, Daniel argued that the attorney’s fees
sought by James are not reasonable and necessary and attached the affidavit of
his own attorney, who stated his opinion that the hourly fee sought was
excessive and the amount of hours expended was more than necessary.

            The trial court granted James’s motion
and denied Daniel’s.  The court ruled that the will devises to James “all of
the real, personal or mixed (whether tangible or intangible) property interests
held by Catherine G. Alford and Daniel Lee Alford, Jr. in the Surrey Inn and
Restaurant.”  The court awarded trial attorney’s fees to James in the amount of
$10,000 plus additional attorney’s fees for appeal.

Standard of Review

            We conduct a de novo review of a
summary judgment.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  To prevail on a traditional summary judgment motion, the
movant must demonstrate that there are no genuine issues of material fact and
that it is entitled to judgment as a matter of law.  See Diversicare Gen.
Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).  “[W]e take as
true all competent evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.”  Id.

            When as here competing motions for summary
judgment are filed and one is granted and one denied, the appellate court
should determine all questions presented and should render the judgment the
trial court should have rendered.  Tex. Workers’ Comp. Comm’n v.
Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004); Am. Hous.
Found. v. Brazos County Appraisal Dist., 166 S.W.3d 885, 887 (Tex. App.—Waco 2005, pet. denied).

The Real Estate Devise

            Daniel contends in his first two issues
that the summary-judgment evidence establishes as a matter of law that the
devise in question bequeaths only the real property and does not include
personal property or intangibles.[4] 
James responds that a reading of the will in its entirety “along with an
explanation of the intent of the Parents provided by the attorney who drafted
the wills” establishes as a matter of law that the phrase “all of my interest in
 .  .  .  the Surrey Inn and Restaurant” “encompasses all real, personal,
tangible and intangible, or other property interest associated with the Surrey
Inn and Restaurant.”

            The parties agree that the devise in
question is unambiguous.  We too agree and construe it accordingly.

“The [testator’s] intent must be drawn from the
will, not the will from the intent.”  When a testat[or]’s intent is apparent on
the face of the will, as it is here, extrinsic evidence is not admissible to
show a contrary meaning.  Furthermore, extrinsic evidence may not be used to
create an ambiguity in a will when the words used are unambiguous.

 

San Antonio Area Found. v. Lang,
35 S.W.3d 636, 640-41 (Tex. 2000) (quoting Lehman v. Corpus Christi Nat’l
Bank, 668 S.W.2d 687, 688 (Tex. 1984)) (other citations omitted); accord
 Rogers v. Ardella Veigel Inter Vivos Trust No. 2, 162 S.W.3d 281, 286
(Tex. App.—Amarillo 2005, pet. denied).

            Section 58(c) of the Probate Code
provides in pertinent part, “A devise of real property does not include any
personal property located on or associated with the real property or any
contents of personal property located on the real property unless the will directs
that the personal property or contents are included in the devise.”  Tex. Prob. Code Ann. § 58(c) (Vernon 2003). 
Subsection (d)(1) defines the term “contents”:

            “Contents” means tangible personal
property, other than titled personal property, found inside of or on a
specifically bequeathed or devised item.  The term includes clothing, pictures,
furniture, coin collections, and other items of tangible personal property that
do not require a formal transfer of title and that are located in another item
of tangible personal property such as a cedar chest or other furniture.

 

Id. § 58(d)(1)
(Vernon 2003).[5]

            The will does not direct that “the
personal property or contents” located at the Surrey Inn and Restaurant are
“included in the devise.”  See Tex.
Prob. Code Ann. § 58(c).  Therefore, the devise includes only the real
property known as the Surrey Inn and Restaurant and more particularly described
in the will.  Use of the phrase “all of my interest” cannot expand the devise
beyond the real property described therein under the plain language of section
58(c).

            However, the devise of real property does
include all appurtenances and fixtures absent a specific reservation.  See
N.P., Inc. v. Turboff, 111 S.W.3d 40, 44 (Tex. 2003); Olmos v. Pecan
Grove Mun. Util. Dist., 857 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.]
1993, no writ).  These appurtenances include the buildings and other fixtures
on the property as well as any rents owed under a lease in effect at the time
of the decedent’s death.  See Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302,
305 (1943) (“If the owner thereof sells land already rented or leased for
ordinary rental or lease purposes, the purchaser thereof would certainly be
entitled to the rent or lease money accruing after his purchase.”)  But the
devise does not include personal property, tangible or intangible, which has
not become permanently attached to the realty.  See Sonnier v.
Chisholm-Ryder Co., 909 S.W.2d 475, 479 (Tex. 1995) (describing “the three
factors to be considered to ascertain whether personalty has become permanently
attached to the realty”).[6]

            As a matter of law, the devise to
James of the Surrey Inn and Restaurant includes only the real property with all
appurtenances and fixtures.  Accordingly, we sustain Daniel’s first two issues.

Attorney’s Fees

            Daniel contends in his third issue
that the court erred by awarding attorney’s fees to James because a genuine
issue of material fact exists regarding whether the fees awarded are reasonable
and necessary.  James concedes that a fact issue remains on the question of
attorney’s fees.  See Diversicare Gen. Partner, 185 S.W.3d at 846.  Moreover,
in view of our disposition of Daniel’s other issues, James is no longer the
prevailing party.  Accordingly, we sustain Daniel’s third issue.  See Nu-Way
Energy Corp. v. Delp, 205 S.W.3d 667, 684 (Tex. App.—Waco 2006, pet.
denied).

Conclusion

We reverse the judgment, render judgment in part that
the devise of the Surrey Inn and Restaurant in the will of D. L. Alford, Jr. includes only the real property with all appurtenances and
fixtures, and remand this cause to the trial court for further proceedings
consistent with this opinion.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and rendered in
part,

            Reversed and
remanded in part

Opinion delivered and
filed July 11, 2007

[CV06]









[1]
              Throughout the record,
numerous references are made to the will of D. L. Alford, Jr.’s wife Catherine
G. Alford.  However, Catherine predeceased her husband, and the entirety of her
interest in the disputed property passed to her husband under the terms of her
will.  Therefore, this opinion focuses on the provisions of only D. L. Alford,
Jr.’s will.

 





[2]
              The will devises the “Surrey
Inn and Restaurant” to the trustees of one or two trusts for James’s benefit. 
Whether the devise is to one or two trusts depends on the extent of the
testator’s generation-skipping transfer tax exemption under the Internal
Revenue Code.

 





[3]
              Paragraph 7.1(V) of the will
provides a similar description for the Homestead.

 





[4]
              Daniel contends in his first
two issues that: (1) the court erred by granting James’s summary-judgment
motion on this issue; and (2) the court erred by denying Daniel’s
summary-judgment motion on this issue.  Because of the standard of review, we
address these issues together.  See Tex. Workers’ Comp.
Comm’n v. Patient Advocates of Tex.,
136 S.W.3d 643, 648 (Tex. 2004); Am. Hous. Found. v. Brazos County Appraisal
Dist., 166 S.W.3d 885, 887 (Tex. App.—Waco 2005, pet. denied).





[5]
          The statute further defines “titled personal
property” as “all tangible personal property represented by a certificate of
title, certificate of ownership, written label, marking, or designation that
signifies ownership by a person.  The term includes a motor vehicle, motor
home, motorboat, or other similar property that requires a formal transfer of
title.”  Tex. Prob. Code Ann. § 58(d)(2)
(Vernon 2003).

 





[6]
              Those three factors are:

 

1) the mode and sufficiency of annexation, either
real or constructive; 2) the adaptation of the personalty to the use or the
purpose of the realty; and 3) the intention of the owner who causes the
personalty to be annexed to the realty.  The third factor is preeminent and the
other two are evidence of intent.

  

 Sonnier v. Chisholm-Ryder
Co., 909 S.W.2d 475, 479 (Tex. 1995) (citing Logan v. Mullis, 686 S.W.2d 605, 607 (Tex. 1985)).








 parol
evidence rule. See Town North Nat. Bank v. Broaddus, 569 S.W.2d 489, 491 (Tex. 1978). 
Braddy does not allege that the defendants ever impliedly or expressly represented that PCT would
not be liable on the demand notes or charge that they used any artifice, trick or device to induce
the company to execute the notes. His allegations simply represent an attempt to vary the terms
of the notes and prohibit their enforcement against the company, the type of extraneous evidence
that is excluded by the parol evidence rule. See id. Consequently, because the parol evidence rule
conclusively bars the evidence on which Braddy constructs his claim of duress—and, ultimately,
his contention that a fact issue exists on whether his consent was voluntary or given under
duress—the evidence conclusively establishes that the defendants threatened to do something they
had a legal right to do: exercise their rights under the demand notes. Such could not constitute
duress. See Simpson, 724 S.W.2d at 109. Under the circumstances, the court properly entered
a summary judgment against Braddy's action for duress.


 Point two is overruled. 
      As already discussed, Braddy alleged three causes of action in his own behalf in the second
amended petition—tortious interference with existing contracts, duress, and breach of fiduciary
duty. Sobotka, on the other hand, sued individually only for breach of fiduciary duty. Braddy
and Sobotka allege in point three that the court erred when it rendered summary judgment on their
action for breach of fiduciary duty because the defendants failed to move for a summary judgment
on that claim. To answer the question raised by the third point, we must examine the first
amended petition, the motion for summary judgment, and the second amended petition.
      Braddy and Sobotka asserted in their first amended petition claims for breach of fiduciary
duty, "both as a direct action and as a shareholder derivative action." They alleged that the
defendants (1) are fiduciaries of PCT and therefore should be held accountable under the higher
standard of care, and that (2) they breached their fiduciary duties by exercising control over PCT's
affairs in a way that benefitted themselves at the company's expense. Their breach was asserted
to be a proximate cause of PCT's damages, which were alleged to be the difference between the
company's value as an on-going concern—had the defendants not breached their fiduciary
duties—and the then current value of PCT, as well as the "corresponding diminution in the value
of Plaintiffs' shares." The amount of loss suffered by Braddy and Sobotka and by PCT was
alleged to exceed the trial court's minimum jurisdictional limit. 
      Defendants, who moved for a summary judgment on the causes of action asserted in the first
amended petition, alleged in the motion that Braddy and Sobotka could not as a matter of law
recover individually for damages sustained by PCT, even though their stock might have declined
in value as a result of the damage inflicted on the company. See Wingate v. Hajdik, 795 S.W.2d
717, 719 (Tex. 1990). Defendants contended that the plaintiffs lacked standing to assert an
individual recovery based on breach of fiduciary duties owed to the corporation.
      Apparently in response to the motion, Braddy and Sobotka filed a second amended petition
in which they dropped all derivative actions and, instead, asserted a right of recovery based solely
on the breach of a fiduciary duty owed to them, individually, rather than to PCT. They no longer
alleged, for example, that the breach was a proximate cause of the company's damage, but asserted
instead that the breach proximately caused them loss in the value of their stock. This amended
pleading, filed after the motion for summary judgment, clearly asserted only individually-held
causes of action. Rather than amending their motion for summary judgment, the defendants
elected to stand on their original motion, which sought a summary judgment on the derivative
claims for breach of fiduciary duty.
      The court granted the motion without specifying the grounds on which it acted. However,
the court could not enter a summary judgment on a ground not included in the motion. See
McConnell v. Southside School Dist., 858 S.W.2d 337, 340 (Tex.1993). Because the court
included language in the judgment that is legally equivalent to a "Mother Hubbard" clause, even
though it marked through the typed Mother Hubbard language at the bottom of the judgment, we
have jurisdiction to decide the merits of the third point.


 See Mafrige v. Ross, 866 S.W.2d 590,
592 (Tex. 1993) (holding that a final summary judgment, which grants more relief than requested
in the motion, should be reversed and remanded rather than dismissed). Therefore, we sustain
point three and reverse the portion of the judgment denying recovery on claims for breach of
fiduciary duty. Moreover, we sever Braddy's and Sobotka's claims for breach of fiduciary duty
from the actions on which the court correctly entered summary judgment and remand them for
trial. 
 
                                                                         BOB L. THOMAS
                                                                         Chief Justice
Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Affirmed in part, reversed and remanded in part
Opinion delivered and filed November 9, 1994
Do not publish