IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00011-CV

No. 10-08-00012-CV

 

AHF-ARBORS at Huntsville I, LLC,

AND
AHF-ARBORS AT HUNTSVILLE II, LLC

                                                                                    Appellants

 v.

 

Walker County Appraisal District,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court Nos. 0522992
and 0522994

 



memorandum Opinion



 

            In these two related
appeals, Appellants AHF-Arbors at Huntsville I, LLC (Arbors I) and AHF-Arbors
at Huntsville II, LLC (Arbors II) appeal from orders denying their motions for
summary judgment and from orders granting Appellee Walker County Appraisal
District’s no-evidence motions for summary judgment.  We will affirm.

            These cases center around
two Huntsville apartment complexes, each owned respectively by Arbors I and
Arbors II (collectively referred to as Arbors).  Arbors sought an exemption from
the Walker County Appraisal District (the Appraisal District) from ad valorem
taxes for part of the 2003 tax year under subsection 11.182(b) of the Property
Tax Code on the ground that its business operations satisfied that subsection and
because Arbors I and Arbors II are limited liability companies whose sole
member is Atlantic Housing Foundation, Inc., a state-certified charitable
organization and community housing development organization (CHDO).  See
Tex. Prop. Tax Code § 11.182(b)
(Vernon 2008).  The Chief Appraiser and Appraisal Review board denied the
requested exemption, which Arbors appealed in the trial court.

            The Appraisal District filed
a no-evidence motion for summary judgment in each case, asserting there was no
evidence that:

a.                 
AHF-Arbors (I and
II) is a charitable institution;

b.                 
AHF-Arbors (I and
II) met the organizational requirements of section 11.182(b);

 

c.                  
AHF-Arbors (I and
II) has rented without profit to low or moderate income individuals or
families, under section 11.182(c);

 

d.                
AHF-Arbors (I and
II) has made expenditures in lieu of taxes, under section 11.182(d);

 

e.                 
AHF-Arbors (I and
II) has met the audit requirements of section 11.182(g);

f.                   
AHF-Arbors (I and
II) applied for or received an exemption before January 1, 2004;

 

g.                 
AHF-Arbors (I and
II) met the requirements of 42 U.S.C. § 12704.

Arbors moved for summary judgment,
contending that it was exempt from ad valorem taxes because Atlantic Housing
Foundation, Inc., the sole member of its limited liability company, is a
state-certified, tax-exempt charitable organization and CHDO and because Arbors
itself is also an exempt entity under subsection 11.182(b) because of its
nonprofit operations.  In each case, the trial court sustained all of the
Appraisal District’s objections to Arbors’s summary-judgment evidence, denied
Arbors’s motion for summary judgment, and granted the Appraisal District’s
no-evidence motion for summary judgment without stating any grounds.  Asserting
three issues, Arbors appeals.

We review a trial court’s summary
judgment de novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  In reviewing a traditional motion for summary
judgment, we must consider whether reasonable and fair-minded jurors could
differ in their conclusions in light of all of the evidence presented.  See
Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex.
2007).  We must consider all the evidence in the light most favorable to the
nonmovant, indulging every reasonable inference in favor of the nonmovant and
resolving any doubts against the motion.  See id. at 756.

A no-evidence
motion for summary judgment is essentially a motion for pretrial directed
verdict.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006); see also Humphrey
v. Pelican Isle Owners Ass’n,
238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.).  Once such a motion is
filed, the burden shifts to the nonmoving party to present evidence raising an
issue of material fact as to the elements specified in the motion.  Tamez,
206 S.W.3d at 583.  The nonmovant must produce “summary judgment evidence
raising a genuine issue of material fact.”  Tex.
R. Civ. P. 166a(i); see id. Comment 1997 (“To defeat a motion
made under paragraph (i), the respondent is not required to marshal its proof;
its response need only point out evidence that raises a fact issue on the
challenged elements.”).  A genuine issue of material fact exists if more than a
scintilla of evidence establishing the existence of the challenged element is
produced.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003).  More than a scintilla of evidence exists when the evidence “rises to a
level that would enable reasonable and fair-minded people to differ in their
conclusions.”  Id. (quoting Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997)).  On the other hand, the evidence
amounts to no more than a scintilla if it is “so weak as to do no more than
create a mere surmise or suspicion” of fact.  Id.  When determining if
more than a scintilla of evidence has been produced, the evidence must be
viewed in the light most favorable to the nonmovant.  Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).

When competing motions for summary
judgment are filed and one is granted and the other is denied, the general rule
is that an appellate court should determine all questions presented and render
the judgment the trial court should have rendered if the motions sought final
judgment.  Texas Workers’ Comp. Comm’n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004); American Housing Found. v. Brazos County
Appraisal Dist., 166 S.W.3d 885, 887 (Tex. App.—Waco 2005, pet. denied).

Arbors’s three issues on appeal are: 
(1) whether the trial court erred in granting the Appraisal District’s
no-evidence motion for summary judgment when case law provides that Arbors qualifies
for the tax exemption because it is wholly owned by a certified charitable
organization; (2) whether the trial court erred in ruling that there was no
evidence that Arbors qualified for the tax exemption; and (3) whether Arbors’s
motion for summary judgment should have been granted because it qualifies as a
tax-exempt charitable organizations.

Subsection (b) of section 11.182, which
is entitled “Community Housing Development Organizations Improving Property for
Low-Income and Moderate-Income Housing:  Property Previously Exempt,” provides:

(b) An organization is entitled to an
exemption from taxation of improved or unimproved real property it owns if the
organization:

(1) is organized as a community housing
development organization;

(2) meets the requirements of a charitable
organization provided by Sections 11.18(e) and (f);

(3) owns the property for the purpose of
building or repairing housing on the property to sell without profit to a
low-income or moderate-income individual or family satisfying the organization’s
eligibility requirements or to rent without profit to such an individual or
family; and

(4) engages exclusively in the building,
repair, and sale or rental of housing as described by Subdivision (3) and
related activities.

 

Tex. Prop. Tax Code § 11.182(b).

 

Exemptions from taxation are not favored
by the law and will not be favorably construed.  North Alamo Water Supply
Corp. v. Willacy County Appraisal Dist., 804 S.W.2d 894, 899 (Tex. 1991). 
Statutory exemptions from taxation are subject to strict construction because
they undermine equality and uniformity by placing a greater burden on some
taxpaying businesses and individuals rather than placing the burden on all
taxpayers equally.  Id.  Accordingly, the burden of proof of clearly
showing that the organization falls within the statutory exception is on the
claimant seeking the exemption.  Id.

            Among other Tax Code
requirements to obtain a subsection 11.182(b) exemption, Arbors must have
complied with subsection 11.182(g), which the Legislature added to section
11.182 in 2001:

(g) To receive an exemption under
Subsection (b) or (f), an organization must annually have an audit prepared by
an independent auditor.  The audit must include a detailed report on the
organization’s sources and uses of funds.  A copy of the audit must be
delivered to the Texas Department of Housing and Community Affairs and
to the chief appraiser of the appraisal district in which the property subject
to the exemption is located.

 

Act of May 21, 2001, 77th Leg., R.S.,
ch. 1191, § 1, 2001 Tex. Gen. Laws 2694, 2696 (emphasis added) (current version
at Tex. Prop. Tax Code §
11.182(g) (Vernon 2008)).

            One of the grounds in the
Appraisal District’s no-evidence motion for summary judgment was that there was
no evidence that Arbors had met subsection 11.182(g)’s audit requirements.  In
response, in each case Arbors filed summary-judgment evidence, including the
affidavit of Carol McBride, which states in pertinent part:

Arbors has expended an amount equal to
or greater than 40% of its annual tax savings on social programs in Walker
County.  Each year since its acquisition of the Property, Arbors has provided
an audit to the chief appraiser detailing the fact that such expenditures have
been made, and for the years 2004, 2005, and 2006, the audit has also included
an opinion of the auditor that the Property, and Arbors as owner, has been in
full compliance with Texas Tax Code Sec. 11.182.[1]

 

On appeal, the Appraisal District urges
that the trial court properly granted its no-evidence motion for summary
judgment on the ground that Arbors did not provide summary-judgment evidence
that it fully complied with subsection 11.182(g) because McBride’s affidavit fails
to show that Arbors delivered its audits to the Texas Department of Housing and
Community Affairs.  We agree.  

To defeat the Appraisal District’s
no-evidence motion, Arbors was required to present some evidence that it
delivered its audits to the Texas Department of Housing and Community Affairs,
but it did not do so.  And to be entitled to summary judgment on its own motion,
Arbors must have clearly shown its compliance with subsection 11.182(g).  North
Alamo, 804 S.W.2d at 899.  It failed to do so.  The trial court could have properly
granted the Appraisal District’s no-evidence motion and denied Arbors’s motion
on subsection 11.182(g) alone.  See Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 625 (Tex. 1996).  We overrule Arbors’s second and third issues in
each case and need not address its first issue in each case.

The trial court’s judgment in each case is
affirmed.

 

 

REX D. DAVIS

Justice

            

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 21, 2010

[CV06]








 









[1] The trial court sustained the Appraisal
District’s objections to this paragraph of McBride’s affidavit.  We will assume
without deciding that the trial court’s ruling was erroneous.